ROBERT HENDERSON, plaintiff in error, *vs.* THOMAS A. WALKER *et al.*, receivers, defendants in error.

1. Receivers of a railroad, holding possession for a court of chancery, and operating the road under the orders of that court, are not subject to suit in their official capacity, for a personal injury to one of their employees, resulting from the negligence of others of their employees in the same service.

2. Such a suit being brought, by leave of the court improvidently granted, it was proper to revoke the order granting leave, and to dismiss the action.

Railroads. *Torts.* Receivers. Before Judge UNDERWOOD. Floyd Superior Court. January Term, 1875.

Reported in the opinion.

JOHNSON & McCAMY; DABNEY & FOUCHE, for plaintiff in error.

C. ROWELL, for defendants.

BLECKLEY, Judge.

A new and interesting question in the jurisprudence of our state is made in this record. Receivers were in possession of a railroad under a court of equity, operating it and using its franchises under the orders of that court. One of their employees, whilst engaged in working upon a bridge on the line of the road, received a personal injury, in consequence of the negligence of his co-employees in the same service, his leg being broken from some improper handling of a rope used in

erecting the structure. He petitioned for leave to bring suit against the receivers, and it was granted. He brought suit accordingly against them in their official capacity. A motion was made at the trial, in behalf of the defendants, to dismiss the declaration. It was sustained; the declaration was dismissed, and the order granting leave to sue was rescinded, on the ground that there was no cause of action. The general rule of the common law remains of force in Georgia, that the principal is not liable to an agent for injuries arising from the negligence or misconduct of other agents about the same business: Code, section 2202. An exception prevails by statute in the case of the employes of railroad companies: Code, sections 2083, 3033, 3036.

It admits of some doubt whether the exception embraces any injuries but such as are sustained from the running of cars or engines. We are inclined to think the terms of section 3033 are broad enough to comprehend all injuries, and that the chief, if not the only difference between an employee of a railroad company, and a stranger to the company, in respect to the right to recover, is that the doctrine of contributory negligence, recognized in section 3034, applies to the latter only. The former, in order to recover anything, must be without fault; he is denied the advantage of apportioning the damages according to the degree of his own negligence or misconduct as compared with that of the company or its other employees: See Code, section 3036; 35 *Georgia Reports*, 105. In the present case, however, we find it unnecessary to rule the question whether, if this plaintiff were an employee of a railroad company, he would have a cause of action or not. He shows by his declaration that he is not such an employee. He rests his case on a statutory right, and yet does not put himself into the only class to which the right belongs. The company owning the road was not in possession. It had no employees. There was no privity between it and the plaintiff. He was not its servant; it was not his master. It had nothing to do with selecting his co-employees whose negligence caused the injury. A court of equity, by its officers, the re-

ceivers, had possession of the road; and the plaintiff, instead of hiring himself elsewhere to a railroad company or corporation, voluntarily hired himself to these ministers of the law. We think the letter of his situation is the law of it, and that as he was not in fact in the employment of a railroad company, he is not to be considered in such employment by construction. Unless the contrary appeared the receivership is to be deemed a compulsory one; there is no presumption that the receivers went in on the application of the company or by its consent. They represent, not the company but the court. The property and franchise of the company have been seized, and the court, subordinate to the laws of the land, is for the time being, the lord paramount. Doubtless the receivers as common carriers, bear a relation to the public very similar to that of other common carriers; but the difference between the public and this plaintiff is, that the public can appeal to a general law applicable as against all common carries, whereas, the plaintiff must invoke a special statutory provision which will not reach all employers alike, but only railroad companies. Other classes of employers have not been made subject for injuries sustained by one servant through the fault of another.

It would be uncandid to deny that, to a certain extent, the same reasons of public policy and of private justice which call for the protection of the operatives on a railroad when owners or lessees are in possession, apply when receivers are in possession, and making use of their possession to carry on the same business, in the same way. While receivers represent the court, they are not acting for the benefit of the court, but for that of creditors and owners; and what is made or saved by their operations is mere private property. Still, it is clear that the employees of receivers are not within the words of the Code, and to extend the words by construction, so as to subject the company's assets to pay damages for the carelessness or misconduct of men whom neither the officers or agents of the company had any part in selecting, would be attended with difficulties, both technical and practical. Inju-

ries to freight and passengers may come under the head of expenses of administration; but to include under that head the damages caused by one·necessary agent of administration to his fellow, would be like punishing the body because one hand or foot had wounded the other.

Decisions may be found on a somewhat different line from that which we deem the true one: See 20 Ohio State R., 137, 150; Redfield on Carriers, section 37.   But it is not improbable that even these would square with the principal grounds on which we place our judgment, namely, that the employee of receivers is not to be treated as the employee of a railroad company, so as to entitle him to reap the fruits of a statute which offers nothing to any but the latter class of employees.

Judgment affirmed.