BROWN *v.* COMER *et al.*, receivers.

97  801·
100  763

Although the property of a railroad company was put into the hands of a receiver upon its own petition, the question of his liability to his own servants engaged in operating the railroad is nevertheless controlled by the decision of this court in the case of *Henderson* v. *Walker*, 55 *Ga.* 481, recently affirmed in the case of *Youngblood* v. *Comer* (*ante,* 152); and consequently such a receiver is not liable to one of its employees for personal injuries occasioned by the negligence of a coemployee.
February 29, 1896.

Action for damages.   Before Judge Eve.   City court of Richmond county.   May term, 1895.

*Fleming & Alexander*, for plaintiff.
*Black & Verdery*, for defendants.

LUMPKIN, Justice.

It was sought to differentiate this case from that of *Henderson* v. *Walker*, 55 *Ga.* 481, solely for the reason that it appears in the present case that the railroad company
v 97-51

was put into the hands of the receivers upon its own petition.

It is true that in his reasoning in support of the decision in the case above cited, Judge Bleckley did say (see page 483), "Unless the contrary appeared, the receivership is to be deemed a compulsory one; there is no presumption that the receivers went in on the application of the company or by its consent." But it by no means follows that if it had appeared that the railroad company had actually itself applied for the appointment of receivers, the decision in that case would have been different.

The truth is, *Henderson's* case is based upon the proposition that the receiver of a railroad company is in no sense a railroad company. He represents, not the company, but the court; and it follows that statutes enacted solely for the purpose of regulating the liability of railroad companies, and dealing with them exclusively, cannot properly, by implication, be held applicable also to a receiver in charge of a railroad and operating it under the orders of a court.

*Judgment affirmed.*