## ELECTRIC RAILWAY COMPANY v. CARSON.

1. Declarations made by an employee of a railway company while investigating the cause of the derailment of a car, being inadmissible as a part of the *res gestœ*, were properly rejected as hearsay. The admissions which were ruled to be competent in *Krogg v. Atlanta & West Point R. Co.*, 77 *Ga.* 202, were properly received irrespective of the question of *res gestœ*.

2. The presumption being that the plaintiff's injuries were caused by the negligence of the defendant company, and it having failed to show affirmatively that it was in all essential respects diligent, and no error of law having been committed, this court will not overrule the discretion of the trial judge in refusing to grant a new trial.

March 16, 1896. Argued at the last term.

Action for damages. Before Judge MacDonell. City court of Savannah. May term, 1895.

The plaintiff was a passenger on defendant's street-car in Savannah. It suddenly left the track and ran to the sidewalk and against a tree, and she was thrown down, striking her hip on the railing of the seat, and seriously injured. She did not know what caused it to leave the track. The conductor of the car testified, that he and Cook, the motorman, immediately investigated the cause of the accident. They found that a rock had been placed against the rail and covered with sand, and this had derailed the car. Cook picked up the pieces of the stone which had been crushed, and said, "Here is what threw us off." A piece of the rock was sent in with the report. There was nothing the matter with the car, the machinery, or the rails. Witness did not see the rock on the track before the derailment. It was covered with sand. Cook found it when they went to investigate, and said, "Here is what ran us off, and here are the pieces crushed by the car." The fragments of rock were on the track and on the rail behind the car. Cook had left Savannah some time before the trial, and witness did not know where he was. Another passen-

ger on the car testified that he got out through curiosity
to see what the trouble was; that they found a rock about
the size of his fist, about a foot or eighteen inches from the
rail; that he did not see any fragments on the rail, but did
not observe closely.

After verdict for the plaintiff, defendant moved for a
new trial on the grounds, that the finding was contrary to
law and evidence; and that the court erred in ruling out,
on plaintiff's motion, what Cook said during the investiga-
tion, as above stated.

*Charlton, Mackall & Anderson*, for plaintiff in error.
*George W. Owens*, contra.

SIMMONS, Chief Justice.

This was an action against a street railway company for
damages on account of personal injuries to the plaintiff,
occasioned by the derailment of one of its cars while she
was a passenger thereon.    She obtained a verdict against
the company for $300, and the defendant made a motion
for a new trial, which was overruled, and it excepted.

1. It is complained that the trial judge erred in rejecting
testimony offered by the defendant as to statements made
by one of its employees while investigating the cause of
the derailment.    The court was clearly right in rejecting
such testimony.    It was hearsay, and not admissible as a
part of the *res gestæ*.    To render such declarations as these
admissible as a part of the *res gestæ* of the occurrence in
question, they must be so nearly connected with the act as
to be "free from all suspicion of device or afterthought."
(Code, §3773.)    They must be so spontaneous and invol-
untary, so much a part of the act itself, as to render it
reasonably certain that they were not the result of deliber-
ation or reflection.    See *Travelers Insurance Co.* v. *Shep-
pard*, 85 *Ga.* 777.    Certainly this cannot be said as to state-
ments made after the accident and the injury in question
had occurred, by an employee of the party who offered them,

and while he was going over the ground investigating the cause of the derailment, and probably seeking for such an explanation as would relieve himself and his employer from blame.

Counsel for the plaintiff in error relied on what was said in the decision of this court in *Krogg* v. *Atlanta & West Point R. Co.*, 77 *Ga.* 202, in regard to the admissibility of statements of the general manager of the railroad company as to the cause of the accident, made at the scene of the injury soon after it occurred and while he was engaged in an investigation of the matter. The statements referred to in that decision, however, were not, as in this instance, declarations offered by the railroad company in its own favor, but were offered by the plaintiff as admissions on the part of the company, against its interest; and what was said as to their being a part of the *res gestæ* is to be understood in the sense in which this term is used in the law of agency, and as meaning the *res gestæ* of the investigation which the agent who made them was then making in behalf of his principal, and not as meaning the *res gestæ* of the accident. It was not necessary in that case, in order to render the statements admissible, that they should be treated as a part of the *res gestæ* of the accident, for, as will be seen from the opinion of the court, they were clearly admissible on other grounds.

2. The presumption against a railroad company where an injury is shown to have been occasioned by the running of its cars applies as well to street railroad companies as to others. *City etc. R. Co.* v. *Findley*, 76 *Ga.* 311. The evidence in this case fails to show that the company was in all essential respects diligent; and there being sufficient evidence to sustain the verdict, and no error of law having been committed, this court will not overrule the discretion of the trial judge in refusing to grant a new trial.

*Judgment affirmed.*