ROBINSON *v.* HUIDEKOPER *et al.,* receivers.

1. According to the principle laid down by this court in *Henderson* v. *Walker et al., receivers,* 55 *Ga.* 481, which was reviewed and affirmed in the case of *Youngblood* v. *Comer,* receiver, 97 *Ga.* 152, special statutes enacted for the purpose of fixing and arriving at the liability of railroad companies, and relating expressly and exclusively to such companies, can not, by implication or interpretation, be held applicable to receivers of a railroad operating it under the orders of a court.

2. This being true, there is, so far as such receivers and their servants are concerned, no law in this State changing the common law rules of evidence applicable to actions by servants against masters for personal injuries; and therefore, upon the trial of an action against such receivers by one of their employees for injuries of this kind, alleged to have been caused by the defendants' negligence, there is no presumption of law that they were negligent, but it is incumbent upon the plaintiff to prove affirmatively that such was the fact.

3. There being, in the present case, no evidence showing that the defendants were negligent, the verdict in their favor was the only legal one which could have been rendered; and therefore, whether the rulings of the trial judge complained of in the motion for a new trial were, or were not, erroneous, that motion was properly overruled.

April 6, 1896. Argued at the last term.

Action for damages. Before Judge Westmoreland. City court of Atlanta. May term, 1895.

Robinson brought suit against the receivers of the Richmond & Danville Railroad Co., alleging that on February 25, 1893, while he was in their employment and was running a locomotive drawing a freight-train up a heavy grade in South Carolina, at the rate of 18 or 20 miles an hour, the crown-sheet of the boiler of the engine, just above the fire-box and exposed to the fire thereunder, gave way under the pressure of steam upon it, the bolts which held it in position pulled through, and the sheet sprang down.

and permitted the escape of steam and boiling water from the boiler, which came into the fire-box and out into the cab where he was sitting in the discharge of his duty, with so great violence that his life was in imminent peril; that in order to escape instant death he sprang forward through the cab window and out upon the running-board of the engine and thence jumped to the ground; that he was in the full discharge of his duty and in the exercise of every precaution and all prudence in the management of the engine, and was in no way to blame for the accident; that the cause of it was, that the crown-sheet had been burned and the bolts that secured it had thereby been loosened and weakened, before the engine was placed in his charge, which fact was known to the defendants and unknown to him; and that by his fall to the ground he was seriously and permanently injured, etc. By amendment he alleged, that the crown-sheet of the engine had been burnt, and the crown-bolts thereby, or in some other way unknown to him, loosened; and that the engine was defective when it was turned over to him, in that the crown-bolts which secured the crown-sheet to the top of the boiler were defectively fastened to the crown-sheet, which was the cause of the same giving down, and of the injury to him. The verdict was for the defendants, and the plaintiff's motion for a new trial was overruled. The motion contained, besides the general grounds and others not material here, the following:

Error in ruling that the rule of liability was not such that any presumption would arise in favor of the plaintiff against the defendants on proof that plaintiff was injured by jumping from the engine because of the giving down of the crown-sheet, but that plaintiff must show negligence in defendants as alleged in the declaration, before he could recover, and that the rule of liability was that which would exist in the ordinary case of master and servant; in charging the jury, that the plaintiff, if he recovered at all, must recover on the acts of negligence set out in the declaration,

and that the burden of proof was on him to establish his right to recover, by a preponderance of evidence; and in not charging that the defendants would be liable for any damage done to the plaintiff unless they made it to appear that their agents had exercised all ordinary and reasonable care and diligence, and that the presumption would be against them in case it was shown that plaintiff was injured as alleged.

*Hall & Hammond*, for plaintiff.

*Glenn, Slaton & Phillips*, for defendants.

LUMPKIN, Justice.

The decision of this court in *Henderson* v. *Walker et al., receivers*, 55 *Ga.* 481, which has recently been reviewed and affirmed, is based upon the principle that special statutes which relate expressly and exclusively to railroad companies cannot be held applicable to receivers of a railroad operating it under the orders of a court, for the reason that such receivers are not themselves railroad companies. The statutes referred to include not only those passed for the purpose of creating, as against a railroad company, a liability to which it would not be subject under the rules of the common law, but also those designed to vary pre-existing rules of evidence, so as to enable plaintiffs, in certain classes of cases, the more readily to establish a *prima facie* case of liability against such companies. At common law, a master was not liable to one agent because of injuries arising from the negligence or misconduct of other agents in and about the same business. This general rule is still of force in this State. Code, §2202. But an exception has been made by statute in the case of employees of railroad companies. Code, §§2083, 3033, 3036. The *Henderson* case decides that these sections cannot be invoked in favor of the employee of a receiver in charge of the property of a railroad company. Again, at common law, there was not, in the trial of an action by a servant against his master for

personal injuries, any presumption of negligence against the master; and hence, on the trial of such a case, it was incumbent on the plaintiff to prove affirmatively the negligence alleged. Our law so far varies this rule of evidence in favor of an employee of a railroad company who has received personal injuries through the running of the locomotives, cars, or other machinery of the company, that a presumption of negligence is raised against the company when he shows affirmatively that he himself was without fault. In other words, he makes out a *prima facie* case merely by showing that he was injured in the manner stated and without negligence on his part.

The question in the present case is, does this modification of the general rule of evidence prevail in favor of an employee of railroad receivers. We think not, and the application of the doctrine of the *Henderson* case seems to render this conclusion unanswerable.

There was no evidence in the present case which, in our judgment, showed affirmatively that the defendants were negligent; and as a finding in their favor was the only one which could have been legally rendered, we need not pass upon the various assignments of error contained in the motion for a new trial. *Judgment affirmed.*

ATKINSON, Justice, concurring.

Without assenting to the correctness of the doctrine laid down in the cases cited in the first head-note, *supra*, I am, upon the authority of the rulings made in those cases, constrained to the conclusion reached in this, and for that reason only, concur in the judgment.