### BARRY *v.* McGHEE *et al.*, receivers.

1. Prior to the passage of the act of 1895, fixing and defining the liability of receivers and others operating railroads, it was the law, as announced by repeated rulings of this court, that an employee could not recover from such a receiver damages for personal injuries when it appeared that the injuries were occasioned by the fault or negligence of a fellow-servant; and consequently an action for damages resulting from such injuries inflicted at a date antecedent to the passage of this act was properly dismissed on general demurrer.

2. Where the declaration in such an action alleges that the negligence of the defendants consisted in improperly moving a train with a sudden jerk, by which the plaintiff was thrown to the ground, and in reversing the engine, giving it steam and allowing it to run back on him before he could get out of the way, and thus injuring him, the case cannot be treated as an action to recover damages for injuries arising from defective machinery, merely because the declaration, after setting forth these acts of negligence as the cause of the injuries, contains the additional words, "and not having brakes upon the engine attached to said train of cars."

(a) All the allegations of such petition will be construed together; and if it appears from the declaration as a whole that the negligence of a coemployee was the efficient cause of the injuries, a simple allegation that the engine had no brakes

will not, without more, characterize the action as resting on this allegation.

Argued February 23,—Decided April 2, 1897.

Action for damages. Before Judge Felton. Bibb superior court. November term, 1895.

The declaration alleged, in substance: Defendants were duly appointed receivers of the railway company on June 24, 1892, and as such took charge of all the property, and since their appointment have been operating the same. They are both non-residents of the State. On November 11, 1892, petitioner was in their employment as such receivers in the capacity of switchman in the yards of the railway at Macon, Ga. While he was on a flat car in the discharge of his duties and acting under the orders of his superior officers, he made an uncoupling of two cars, when the train attached to the engine and on which he was riding, in pulling off jerked so suddenly and with such force as to throw him to the ground. The engine "pulling said brakes, and in reversing and giving her steam the train ran back" over and against petitioner, and the wheels of the rear car caught both his feet [before] he could recover from his said fall or get out of the way. The train was made up of flat cars and box-cars, some eight or nine. He cut loose two and the rest were attached to the engine, and he was riding on the rear car of those attached to the engine when and after he made said uncoupling. After he had made the uncoupling the engine started forward with the remaining cars, and moved with such a sudden, severe and improper jerk that it threw him off to the ground, and immediately and improperly the engine was reversed and the train ran back ten feet and on and over his feet, injuring him as set forth. His said injuries were due in no way to any fault or negligence of his, but were due entirely to the fault and negligence of defendant in improperly moving the train with a sudden and improper jerk, in reversing the engine attached to the train, in allowing the train

to run back and on petitioner, and not having brakes upon the engine. The petition set forth also the nature and extent of plaintiff's injuries, his wages, age, diminution of earning capacity, etc.

*Estes & Jones*, for plaintiff.
*Hill, Harris & Birch*, for defendants.

LITTLE, Justice.

The petition in this case sets out the facts, that on the 11th day of November, 1892, petitioner was in the employment of McGhee and Fink, who were receivers in charge of and operating the railroad of the E. T., V. & G. Ry. Co., and that they were appointed by order of the United States circuit court held in and for the State of Tennessee; that the duties of petitioner under such employment were those of switchman in the yards conducted by the receivers in the city of Macon. He alleges that while he was on a flat car in the discharge of his duties, the engine to which the cars were attached suddenly jerked the cars and threw him to the ground, and that the engineer, in reversing and putting steam on the locomotive, ran the cars over him and he was permanently crippled, his feet being crushed and mangled; that he was riding on the rear car of those attached to the engine, after he had made an uncoupling of two cars; that he himself was without any fault, and that the injury was occasioned by the fault and negligence of the defendants in improperly moving the train with a sudden and improper jerk, in reversing the engine attached to the train, in allowing the train to run back on petitioner, and not having brakes on the engine attached to said train of cars. There are further full and specific allegations in the petition touching the injuries of the defendant, his incapacity to labor thereby, and other matters which show the serious and permanent injury occasioned to him by being thrown from the car and run over, which are set out in the preceding official

statement of facts. To this petition a demurrer was filed and sustained by the court, and the case dismissed. The error alleged to have been committed is the sustaining of the demurrer to the petition.

1. At common law there could be no recovery against the principal for injuries sustained by an agent from the negligence or misconduct of other agents of the principal, engaged in the same business; and this rule is generally in force in the State of Georgia. Civil Code, §§2610, 3030. This rule of the common law has been changed by the statute in Georgia, in the case of injuries sustained by an employee of a railroad company, when he was without fault or negligence himself and such injury was caused by another employee. Civil Code, §2323. It is provided by the last section referred to, that the employment by a rail-road company of the person so injured shall be no bar to a recovery of damages; and this section has been construed to embrace all injuries, including such as are sustained from the running of cars and engines. In the case of *Henderson* v. *Walker*, 55 Ga. 481, it was held by this court that in a suit against the receivers of a railroad company, filed by an employee of such receivers to recover damages for injuries sustained through the negligence of a coemployee, the rule fixed by section 2323 of the Civil Code, which excepted from the common law rule the right of an employee to recover against a railroad company where the injury was occasioned by the negligence of a coemployee, did not extend to receivers of railroads. It was there held, that the receivers did not represent the company, but the court; that the property and franchises of the company had been seized and the court was for the time being the governing power; that the right of an employee to recover under such circumstances against a railroad company was a statutory right, and in that case there was no privity between the company and the plaintiff; that he was not the servant of the company, nor was the company his master; and

that, not coming within the class provided for by the statute, as to him the general common law rule prevailed, and such employee could not have a recovery against the receivers where the injuries were sustained by the negligence of a fellow-servant in the same service. That case has been followed by subsequent rulings of this court in the cases of *Thurman* v. *Cherokee Railway Co.*, 56 *Ga.* 376; *Youngblood* v. *Comer*, 97 *Ga.* 152; *Brown* v. *Comer*, 97 *Ga.* 801; *Robinson* v. *Huidekoper*, 98 *Ga.* 306, and controls the case at bar. The General Assembly, by an act approved December 16th, 1895 (Acts 1895, p. 103), further changed the common law rule, and provided that the liability of receivers operating railroads in this State should be the same as the liability fixed by the statute governing the operation of railroad companies in this State for injuries to persons in their employ caused by the negligence of coemployees. So that the provisions of section 2323 apply, since the passage of that act, to receivers operating railroads as well as to railroad companies. That act, however, was not in force at the time the injury in this case occurred, nor when the suit was brought, and at the time of such injuries the receivers were not liable to the plaintiff for the damages which he sustained by reason of the negligence of his coemployees, under the facts pertaining to such injuries as set out in the petition.

2. It is further insisted, however, that, properly construed, the petition sets out a cause of action against the receivers, because it is alleged therein that the damages were occasioned by the want of brakes upon the engine attached to the cars which were being moved, and that the injuries sustained because of such defect were in no way dependent upon any fault or negligence of a coemployee, but that the receivers are liable to the plaintiff directly therefor. A reference to the petition shows that the circumstances which occasioned the injury are very fully set out in detail, and that such details show negligence and

want of care on the part of the engineer in moving the cars so as to cause a sudden jerk and in reversing the engine attached to the cars, and allowing it to run back on and over the petitioner, and the fact of defective machinery is referred to only in an incidental way. In summing up in paragraph 15 of the petition, after these acts of negligence have been carefully set out and averments made that the injuries were in no way occasioned by the fault or negligence of the petitioner, he alleges that such injuries were due entirely to the fault and negligence of the defendant in improperly moving the train with a sudden and improper jerk, in reversing the engine attached to said train of cars, and in allowing the train to run back on petitioner, *and in not having brakes on the engine attached to said train of cars.* As put in the declaration, the moving of the train with a sudden and improper jerk, the reversing of the engine and allowing it to run back on the petitioner, was not caused by the want of brakes upon the engine, but such improper handling of the train and reversal of the engine are set out as independent acts of negligence which caused the injury, and coupled with such acts is the averment that the defendants were negligent and in fault in not having brakes on the engine. We think, therefore, the petition in this case cannot be construed as an action to recover damages against the defendants for injuries sustained by petitioner from the moving of the train which resulted as a consequence of the absence of brakes on the engine. On the contrary, the direct cause of injury, as set out, is the negligent acts of the person in charge of the engine in improperly moving it and handling it; and construing all the allegations of the petition together, the efficient cause of the injury, as there set out, is the fault and negligence of the person moving the train; and if the law in force at the time sanctioned a recovery against the receivers, the petition makes a case which, if supported by proof, would entitle him to recover

such damages as he might show were sustained; but being·
an employee, and the petition not making any averments·
as to the injuries except such as are directly attributable·
to the fault and negligence of a coemployee, he is not en--
titled to recover under the rules of law herein announced;
and for this reason the judgment of the court below in.
sustaining the demurrer to the petition, on the ground that·
no sufficient cause of action was set forth, is not error, and
accordingly is

> *Affirmed.　All the Justices concurring.*