## CORDRAY *v.* SAVANNAH, THUNDERBOLT AND ISLE OF HOPE RAILWAY, and *vice versa*.

1. If the law and the facts do not require the verdict, this court will not disturb the first grant of a new trial, although it was put upon a single ground, nor will it determine whether the court below was right in granting the motion for such special reason.
2. A chartered street-railroad company is a railroad company within the meaning of the Civil Code, § 2321, and the presumption is against such company where damage was done to person or property by the running of the cars or machinery thereof.

Argued February 26, — Decided March 18, 1903.

Action for damages. Before Judge Norwood. City court of Savannah. September 2, 1902.

*Twiggs & Oliver*, for plaintiff.
*Osborne & Lawrence*, for defendant.

LAMAR, J. The plaintiff, while driving his wagon across the tracks of the railroad company, suffered damage, and he obtained a verdict. The court granted a new trial. The plaintiff excepted,

but does not bring the case within the exception of the Civil Code, §5585. We are not, therefore, authorized to disturb the finding by the lower court, even though the motion was granted for a specific reason, which may or may not have required a new trial. *Weinkle* v. *Brunswick R. Co.*, 107 *Ga.* 367 (1).

The railroad company, by cross-bill of exceptions, raises the question as to whether, as a street-railroad company, it is within the purview of the Civil Code, § 2321, making railroad companies liable for damage done " by the running of the locomotives, or cars, or other machinery of such company, . . the presumption in all cases being against the company." It argues that the ruling in *Augusta & Summerville R. Co.* v. *Renz*, 55 *Ga.* 126, and *Electric Railway Co.* v. *Carson*, 98 *Ga.* 652, holding that the presumption arose against street-railroad companies, is not conclusive, inasmuch as the persons there injured were passengers. It claims that at common law a presumption arose in favor of the passenger against the carrier, wherever injury occurred, and that in *Augusta & Summerville R. Co.* v. *Randall*, 79 *Ga.* 314, and in *Central R. Co.* v. *Brinson*, 70. *Ga.* 223, 224, the court had held that the presumption set out in section 2321 was of common-law origin, and did not come from the act of 1856. Wherever a passenger was injured by a derailment, a collision, or as a result of any defect in the means of transportation, or as a result of the operation thereof; a presumption did arise, at common law, against the carrier. Res ipsa loquitur. But it is not true that in every case where a passenger was injured a presumption arose, at common law, that the company was at fault. Holbrook *v.* Utica Ry. Co., 12 N. Y. 236; Herstine *v.* Lehigh Valley R. Co., 151 Pa. St. 244. Even if it were a common-law presumption, it might still be made statutory, and extend beyond the limits fixed at common law. The decisions in the *Renz* and *Carson* cases are important as showing that in both the court treated a street-railroad as within the section and applied the statutory presumption applicable to railroads. It was as much as to say that they were railroad companies; and in the *Carson* case the court cited the statute as applicable to a street-railroad in a case where the injured person was not a passenger, and where the presumption in favor of the plaintiff would not have arisen at common law. There is as much reason for making this presumption apply to companies whose tracks are laid in the streets of populous

.cities as to those whose rails are laid in country districts. The case is controlled by the ruling in *Savannah etc. Ry.* v. *Williams*, 117 *Ga.* 414.

*Judgment on the main and cross-bills of exceptions affirmed. By five Justices.*