LAMB, receiver, *v.* FLOYD *et al.*

In an action against a receiver operating a railroad under order of court, brought by a person other than an employee of the railroad, upon proof of injury by the running of the cars or other machinery the same presumption of negligence arises as in cases where the railroad company itself is operating such cars or other machinery.

No. 482.  SEPTEMBER 13, 1918.

Certiorari; from Court of Appeals (20 *Ga. App.* 254).

*Brandon & Hynds, Bolling Whitfield,* and *Wall & Grantham,* for plaintiff in error.

*J. H. Dodgen, George F. Gober,* and *W. I. Heyward,* contra.

HILL, J. This case is here on certiorari from the Court of Appeals. It appears that A. B. Floyd and certain of his children brought suit, under the Civil Code, § 4424, against E. T. Lamb as receiver of the Atlanta, Birmingham and Atlantic Railroad Company, to recover damages for the homicide of Mrs. Ida Floyd, the wife and mother, respectively, of the plaintiffs. The homicide occurred at a crossing on the outskirts of the City of Fitzgerald, where the tracks of the A., B. & A. Railroad cross a certain road or street. On the trial of the case in the superior court, the judge charged the jury: "Now, I charge you that every railroad company, and every receiver duly in charge of a railroad company, a common carrier chartered or operating under the laws of this State, is liable for any injury done in the operation of its or his locomotive, or by its or his servants or agents in charge of its locomotive, unless he or it make it appear that the servants in charge thereof exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company. That is, such receiver, or such railway company, is liable for any injury done to the person of another by the operation of its locomotive or other machinery, unless the railway company or the receiver make it appear that its agents and servants in charge of the locomotive, or other machinery, exercised all ordinary care and diligence; and the presumption, as I have already stated to you, is in all cases against the company, if an injury be done to the person of another through the operation of the locomotive or machinery of the railroad company." Under this charge the jury found a verdict for the plaintiff. A motion for a new trial having been overruled, the defendant excepted, and the case was taken to the Court of Appeals for review. That court affirmed the judgment of the trial court, and approved, in effect, the excerpt from the charge of the court set out above. The criticism on the opinion of the Court of Appeals and on the charge of the trial court is that it was error for the trial judge to extend section 2780 of the Civil Code of 1910, which raises a presumption of negligence against the railroad company upon proof of damage from the running of its locomotive, etc., to a receiver of such railroad. The section referred to is as follows: "A railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person

in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." It is insisted that this section has application solely to the railroad company and its employees, and deals with such company exclusively, and is not applicable to a receiver in charge of a railroad who is operating it under the orders of a court. So we have the clear-cut issue of whether the Court of Appeals, which upheld the charge of the trial court, was right in so holding.

A number of decisions of this court are relied upon by the plaintiff in certiorari as sustaining its contention that the decision of the Court of Appeals in affirming the charge of the trial court should be reversed. These cases are as follows: *Henderson* v. *Walker,* 55 *Ga.* 481, 484; *Thurman* v. *Ry. Co.,* 56 *Ga.* 376; *Youngblood* v. *Comer,* 97 *Ga.* 152 (23 S. E. 509, 25 S. E. 838); *Brown* v. *Comer,* 97 *Ga.* 801 (25 S. E. 176); *Robinson* v. *Huidekoper,* 98 *Ga.* 306 (25 S. E. 440); *Barry* v. *McGhee,* 100 *Ga.* 759 (28 S. E. 455). We will examine and discuss those cases.

*Henderson* v. *Walker,* supra, was a case where receivers were in possession of and operating a railroad under a court of equity, and using the franchises of the railroad company under the orders of the court. An employee of the receivers, while engaged in work upon a bridge on the railroad, received a personal injury in consequence of the negligence of his coemployees in the same service. He petitioned for leave to bring suit against the receivers, and it was granted. He then brought suit against the receivers in their official capacity. On the trial a motion was made on behalf of the defendants to dismiss the petition. The motion was sustained by the court and the petition was dismissed, "and the order granting leave to sue was rescinded, on the ground that there was no cause of action." The judgment of the lower court was affirmed by the Supreme Court. In delivering the opinion of the court, Bleckley, J., said: "We find it unnecessary to rule the question whether, if this plaintiff were an employee of a railroad company, he would have a cause of action or not. He shows by his declaration that he is not such an employee. He rests his case on a statutory right, and yet does not put himself into the only class to which the right belongs. The company owning the road was not in possession. It had no employees. There was no privity between

it and the plaintiff.   He was not its servant; it was not his master. It had nothing to do with selecting his coemployees whose negligence caused the injury.   A court of equity, by its officers, the receivers, had possession of the road; and the plaintiff, instead of hiring himself elsewhere to a railroad company or corporation, voluntarily hired himself to these ministers of the law.   We think the letter of his situation is the law of it, and that as he was not in fact in the employment of a railroad company, he is not to be considered in such employment by construction.   Unless the contrary appeared the receivership is to be deemed a compulsory one; there is no presumption that the receivers went in on the application of the company or by its consent.   They represent, not the company, but the court.  .  .   While receivers represent the court, they are not acting for the benefit of the court, but for that of creditors and owners; and what is made or saved by their operations is mere private property.   Still, it is clear that the employees of receivers are not within the words of the Code; and to extend the words by construction, so as to subject the company's assets to pay damages for the carelessness or misconduct of men whom neither the officers nor agents of the company had any part in selecting, would be attended with difficulties, both technical and practical.   Injuries to freight and passengers may come under the head of expenses of administration; but to include under that head the damages caused by one necessary agent of administration to his fellow would be like punishing the body because one hand or foot had wounded the other.   Decisions may be found on a somewhat different line from that which we deem the true one:   See 20 Ohio State R., 137, 150; Redfield on Carriers, section 37.   But it is not improbable that even these would square with the principal grounds on which we place our judgment, namely, that the employee of receivers is not to be treated as the employee of a railroad company, so as to entitle him to reap the fruits of a statute which offers nothing to any but the latter class of employees."   It will be seen from a careful reading of the *Henderson* case that it is not controlling in a case like the present.   There it was a question of the substantive right of the plaintiff to sue the receiver of a railroad and to subject the assets of the railroad to the judgment of the court.   And while the plaintiff in certiorari sought to apply the reasoning in that case to the case at bar, yet we think the two cases are totally different.   There the question was the right to

sue at all. Here it is a question of evidence—whether the presumption which would apply as against a railroad is applicable as against the receiver of a railroad.

*Thurman* v. *Cherokee Railroad Co.,* supra, was a case very similar, and this court held that it was controlled by the decision in the *Henderson* case. The headnote was: "An employee of a railroad company can not maintain an action against said company for a personal injury sustained by him while the road was in the hands of a receiver." In *Youngblood* v. *Comer,* supra, it was held that the case was controlled by the *Henderson* and *Thurman* decisions, supra, to the effect that when a railroad company is in the hands of and being operated by a receiver, neither the company nor the receiver is subject to suit by an employee for personal injuries occasioned by the negligence of a coemployee. Simmons, C. J., delivered the opinion of the court in the *Youngblood* case, and Atkinson, J., concurred in the judgment on account of being bound by the rulings in the *Henderson* and *Thurman* cases, but dissented from the majority opinion declining to overrule those decisions. To the same effect is the decision in the case of *Brown* v. *Comer,* 97 *Ga.* 801 (25 S. E. 176). In *Robinson* v. *Huidekoper,* where suit was brought against certain receivers to recover damages for injuries sustained by an employee of the receivers, after restating the rule laid down in the *Henderson* and *Youngblood* cases, the court held further: "This being true, there is, so far as such receivers and their servants are concerned, no law in this State changing the common-law rules of evidence applicable to actions by servants against masters for personal injuries; and therefore, upon the trial of an action against such receivers by one of their employees for injuries of this kind, alleged to have been caused by the defendants' negligence, there is no presumption of law that they were negligent, but it is incumbent upon the plaintiff to prove affirmatively that such was the fact." In delivering the opinion of the court in this case, Lumpkin, J., said: "At common law, a master was not liable to one agent because of injuries arising from the negligence or misconduct of other agents in and about the same business. This general rule is still of force in this State. Code, section 2202. But an exception has been made by statute in the case of employees of railroad companies. Code, sections 2083, 3033, and 3036. The *Henderson* case decides that these sections can not be invoked in favor of the employee of

a receiver in charge of a railroad company. Again, at common law, there was not, in the trial of an action by a servant against his master for personal injuries, any presumption of negligence against the master; and hence, on the trial of such a case, it was incumbent on the plaintiff to prove affirmatively the negligence alleged. Our law so far varies this rule of evidence in favor of an employee of a railroad company who has received personal injuries through the running of the locomotives, cars, or other machinery of the company, that a presumption of negligence is raised against the company when he shows affirmatively that he himself was without fault. . . The question in the present case is, does this modification of the general rule of evidence prevail in favor of an employee of railroad receivers? We think not, and the application of the doctrine in the *Henderson* case seems to render this conclusion unanswerable." Atkinson, J., concurred in the judgment in this case also upon authority of the rulings made in the *Henderson* case and others of like import. In 1895 the legislature passed an act (Acts 1895, p. 103), providing that "The liability of receivers, trustees, assignees, and other like officers operating railroads in this State, or partially in this State, for injuries and damages to persons in their employ, caused by the negligence of coemployees, shall be the same as the liability now fixed by the law governing the operation of railroad corporations in this State for like injuries and damages; and a lien is hereby created on the gross income of any such railroad while in the hands of any such receiver, trustee, assignee, or other person, in favor of such injured employees, superior to all other liens against defendant under the laws of this State." The act further provides that "Suits may be brought against either of such officers in the same county, and service may be perfected by serving them or their agents in the same manner as if the suit had been brought against the corporation whose property or franchise is being operated by them, and that all such suits may be brought without first having obtained leave to sue from any court." See Civil Code, § 2788, which includes the act of 1896 (Acts of 1896, p. 63), amending the act of 1895. Then came the case decided by this court in 1897, involving the question now under consideration. *Barry* v. *McGhee*, supra. In that case it was held: "Prior to the passage of the act of 1895, fixing and defining the liability of receivers and others operating railroads, it was the law, as announced by repeated rul-

ings of this court, that an employee could not recover from such receiver damages for personal injuries, when it appeared that the injuries were occasioned by the fault or negligence of a fellow servant; and consequently an action for damages resulting from such injuries inflicted at a date antecedent to the passage of this act was properly dismissed on general demurrer." In delivering the opinion of the court Little, J., said: "At common law there could be no recovery against the principal for injuries sustained by an agent from the negligence or misconduct of other agents of the principal, engaged in the same business; and this rule is generally in force in the State of Georgia. Civil Code [1895], §§ 2610, 3030. This rule of the common law has been changed by the statute in Georgia, in the case of injuries sustained by an employee of a railroad company, when he was without fault or negligence himself and such injury was caused by another employee. Civil Code [1895], § 2323. It is provided by the last section referred to that the employment by a railroad company of the person so injured shall be no bar to a recovery of damages; and this section has been construed to embrace all injuries, including such as are sustained from the running of cars and engines. In the case of *Henderson* v. *Walker* [supra], it was held by this court that in a suit against the receivers of a railroad company, filed by an employee of such receivers, to recover damages for injuries sustained through the negligence of a coemployee, the rule fixed by section 2323 of the Civil Code, which excepted from the common-law rule the right of an employee to recover against a railroad company where the injury was occasioned by the negligence of a coemployee, did not extend to receivers of railroads. It was there held, that the receivers did not represent the company, but the court; that the property and franchises of the company had been seized and the court was for the time being the governing power; that the right of an employee to recover under such circumstances against a railroad company was a statutory right, and in that case there was no privity between the company and the plaintiff; that he was not the servant of the company, nor was the company his master; and that, not coming within the class provided for by the statute, as to him the general common-law rule prevailed, and such employee could not have a recovery against the receivers where the injuries were sustained by the negligence of a fellow servant in the same service. That case has been followed by subsequent rulings

of this court in the cases [cited supra], and controls the case at bar. The General Assembly, by an act approved December 16th, 1895 (Acts 1895, p. 103), further changed the common-law rule, and provided that the liability of receivers operating railroads in this State should be the same as the liability fixed by the statute governing the operation of railroad companies in this State for injuries to persons in their employ, caused by the negligence of coemployees. So that the provisions of section 2323 apply, since the passage of that act, to receivers operating railroads, as well as to railroad companies." It will be observed that in each of the cases above cited the plaintiff was an employee working for the receiver. It was held that in such circumstances the plaintiff could not recover from the receiver. But the legislature by the act of 1895, supra, changed the rule as to the liability of receivers for injuries and damages sustained by employees, caused by the negligence of coemployees. In the instant case the homicide, which was caused by the running of the cars on the railroad of which the defendant was receiver, was not of an employee of the receiver, but of a third person who was killed while crossing the tracks at a railroad crossing.

The decision in the 55 *Ga.*, by Bleckley, J., is based upon the following: At common law the master was not liable for injury to a servant resulting from the negligence of a fellow servant. He was liable for his own negligent act, resulting in injury to the servant. The statute broadening the liability of the master, so as to make him liable for the negligence of a fellow servant, resulting in injury to another fellow servant, was by its terms confined to railroad companies. This statute, being in derogation of common law, was strictly construed, and the decision in this case is put squarely upon the terms of the statute. At common law a railroad company was liable for negligent injuries to passengers or other persons—other persons including strangers, but excluding employees, because a railroad company, under the common law, was not liable for the negligent injury of one fellow servant by another. In *Augusta &c. Railroad Co.* v. *Randall,* 79 *Ga.* 304 (9), 314 (4 S. E. 674), it is clearly stated that the statute raising a presumption against a railroad company on proof of injury is declaratory of the common law; that the presumption existed at common law in favor of passengers and other persons. And while our statute, as pointed out by Justice Lamar in *Cordray* v. *Savannah &c. Ry.,*

117 *Ga.* 464 (43 S. E. 755), is somewhat broader than the com-
mon-law presumption, it is in effect the same, and the presumption
arises at common law wherever liability existed against the railroad
company in favor of the injured person.   Following the decision
in 97 *Ga.*, rendered on August 12, 1895 (a decision going back for
its basis to the 55th Georgia), where it was pointed out that for
twenty years the legislature had not seen fit to change the rule of
liability of a receiver on account of the negligence of one servant
resulting in the injury of another, the legislature, in December of
the same year, declared that the liability of receivers and other
like officers operating railroads in this State, for injuries and dam-
ages to persons in their employment, caused by the negligence of
coemployees, should be the same as the liability fixed by law gov-
erning the operation of railroad corporations for like injuries and
damages; and made such receivers liable, and made the rules of
law with reference to common carriers applicable to receivers in
cases of injury of a servant resulting from the negligence of a
fellow servant.   In 1896 this act of the legislature was further
amended, and under the Civil Code, § 2788, a receiver of a railroad
company is now liable for injury to a servant resulting from the
negligence of a fellow servant, and for injury to personal property,
the same as the railroad itself operated by him would have been
in the absence of the receivership.   It can hardly be conceived that
the legislature would have made a receiver operating a railroad
liable to the servant for injury resulting from the negligence of a
fellow servant, and liable for injury to personal property, while at
the same time exempting him from liability for injury to passen-
gers and other persons resulting from the negligence of his agents,
servants, and employees.   The language of section 2788, when care-
fully analyzed, bears out the conclusion that the legislature, in the
passage of the act of 1895, as amended by the act of 1896, acted
upon the assumption that inasmuch as a railroad company was lia-
ble at common law for injuries to passengers and all other persons,
resulting from the negligence of their agents, servants, and em-
ployees, and inasmuch as there was a presumption at common law
arising in favor of passengers and other persons upon proof of
injury, the same liability, with the attendant presumption, existed
as against the receiver of a railroad company.   In other words, our
statute making a railroad company liable for the negligence of
its servants, where injury results to a passenger or other person,

is declaratory of the common law, and is in no sense in deroga-
tion thereof, while our statute making a railroad carrier liable for
the negligence of one servant resulting in injury to another is in
derogation of the common law and therefore requires strict con-
struction. By its terms this latter statute did not extend to re-
ceivers, or to any employer except railroad companies. Attention
is called to the fact that under the Civil Code, § 2788, a judgment
against a receiver in favor of a passenger, other person, or em-
ployee, is not a lien upon the assets of a railroad company, but is
a lien only upon the gross income of the company accruing while
in the hands of the receiver. The ultimate question is whether a
receiver is liable at all for injury to a passenger or other person;
if liable, all rules of evidence created by statute are applicable in
a suit against the receiver. The legislature did not intend to
make a rule of evidence, or a statutory presumption, applicable to
a railroad company, and at the same time inapplicable to the com-
pany when operated under order of court and through its chosen
officers. The suggestion to be found in certain cases, that the
statutory presumption is not applicable in a suit against a receiver,
was made with reference to suits by a servant on account of the
negligence of a fellow servant, in which it was held that the serv-
ant did not have the right to sue the receiver at all, and has never
been applied in cases brought by a passenger or other person against
the receiver of a railroad company. While the question was not
involved—or at least not discussed, the decision in *Ball* v. *Mabry,*
91 *Ga.* 781 (18 S. E. 64), which was a suit by a passenger against
the receiver of a railroad company, is illuminating. Some of the
same judges who participated in cases following the *Henderson*
case took part in the decision in the *Ball* case, where a recovery by
a passenger against the receiver was sustained; and it was there
held that the receiver was a common carrier, and that he resided
in every county through which the line of railroad was operated.

From what has been said above we conclude that the Court of
Appeals was right in holding that the charge of the trial court
set out in the beginning of this opinion was not erroneous. We
were induced to grant the writ of certiorari in this case because
of the importance of the question above dealt with, which is the
controlling point decided by the Court of Appeals. A careful con-
sideration of the other rulings of that court upon which error is

assigned, all of which relate to subsidiary questions involved in the trial of the case, discloses no error requiring a reversal of the judgment.

*Judgment affirmed. All the Justices concur, except George, J., disqualified.*