26254, 26255.   ENSLEY *v.* POLLARD, receiver, *et al.;*
and *vice versa.*

Decided November 27, 1937. Adhered to on rehearing, December 20, 1937.

*Maddox & Griffin, M. E. Brinson,* for plaintiff.

*E. S. Taylor, Maddox, Matthews & Owens,* for defendants.

STEPHENS, P. J. ■ "Where one was sitting or lying in an exposed position on or near the track of a railroad company, and where such conduct was unexcused and unexplained, save that it indisputably appeared that he had been drinking intoxicating liquors, and, while in such exposed position on the track, was struck and killed by a train of the railroad company, his voluntary exposure of himself to danger precludes a recovery for the homicide in consequence of the negligence of the railroad company's agents and employees, in the absence of wilful and wanton negligence on the part of the employees of the company engaged in the operation of the train, though the place at which the decedent was lying or sitting upon the track was one at which it was the duty of the employees of the defendant company to have anticipated the presence of pedestrians upon its tracks, and though the jury would have been authorized to find, under the facts, that the employees of the company failed to exercise ordinary care to discover the exposed condition of the decedent." *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924); *Southwestern R. Co.* v. *Hankerson,* 61 *Ga.* 114; *Moore* v. *Southern Railway Co.,* 136 *Ga.* 872 (72 S. E. 403). Where it is alleged in the petition, in a suit by a wife against a railroad company to recover for the alleged tortious homicide of the plaintiff's husband, that the defendant's train ran over the deceased while he was lying on the railroad-track of the defendant where he had fallen in a helpless condition just after he had been drinking "home brew," that at the place on the defendant's track where the deceased was struck by the defendant's train persons had habitually, for more than thirty years, walked up and down the track and right of way with the knowledge of the defendant, which fact was known to the engineer in charge of the train which ran over the plaintiff's husband, that the place on the defendant's track where the plaintiff's husband was struck by the train was plainly visible for more than a quarter of a mile, and that if the engineer in charge of the train had been keeping a lookout ahead he could have seen the plaintiff's husband and by the application of the brakes could have stopped the train in time to avoid striking him, that the train was being operated at the time at the rate of speed of thirty miles per hour, that the defendant

was guilty of negligence in failing to anticipate the presence of the deceased on the tracks, in failing to keep a lookout ahead, and in failing to see the deceased until it was too late to stop the train and avoid striking and killing him,—the petition, when construed most strongly against the plaintiff as must be done, must be construed as alleging that the deceased while in an intoxicated condition lay down on the defendant's railroad track, thereby exposing himself to the danger of being run over, and that the defendant through its agents in the operation of the train, in failing to see the plaintiff's husband on the track until it was too late to stop the train to avoid hitting him, was not guilty of wilful and wanton conduct causing the death of the plaintiff's husband, and that the death of the plaintiff's husband was not caused by the negligence of the defendant, but was caused by his own negligence in lying on the defendant's railroad-track in a drunken condition. The allegations contained in the second count of the petition failed to set out a cause of action for the negligent killing of the plaintiff's husband, and the court did not err in sustaining the demurrer to this count.

■ Where in the first count of the petition it was alleged that the plaintiff's husband met his death as a result of the wilful and wanton conduct of the defendant's agents in the operation of its train, and it appeared without dispute from the evidence which was adduced in behalf of the plaintiff that the defendant's engineer in the operation of the train, after becoming aware that the object which he had seen on the track was a human being, endeavored to stop the train, but, on account of the train being heavily loaded and the speed at which it was going, and the shortness of the distance from the engine to the plaintiff's husband on the track, he was unable to stop the train in time to avoid hitting the plaintiff's husband who was lying on the track, the evidence was insufficient to authorize the inference that the death of the plaintiff's husband was caused by the wilful and wanton conduct of the agents of the defendant in the operation of the train. Therefore the court did not err in granting a nonsuit.

■ Where it was alleged in the first count of the petition that the plaintiff's husband met his death as a result of the wilful and wanton conduct of the defendant's agents in the operation of the train, and where the only evidence tending to sustain this allega-

tion was extrajudicial statements made by the engineer of the defendant engaged in the operation of the train, to other people, an hour or more after the plaintiff's husband was killed, which statements were not part of the res gestæ but were hearsay only, and possessed no probative value, the evidence was insufficient to authorize a recovery for the plaintiff, and the court did not err in granting a nonsuit. *Central Railroad &c. Co.* v. *Maltsby,* 90 *Ga.* 630, 632 (16 S. E. 953); *Electric Ry. Co.* v. *Carson,* 98 *Ga.* 652 (27 S. E. 156); *Weinkle* v. *Brunswick & Western R. Co.,* 107 *Ga.* 367 (3) (33 S. E. 471); *Kemp* v. *Central of Georgia Ry. Co.,* 122 *Ga.* 559 (2) (50 S. E. 465).

*Judgment affirmed on the main bill of exceptions, and affirmed on the cross-bill. Sutton and Felton, JJ., concur.*