Annie Mae Scott **BENNETT**, Plaintiff,

v.

**SEABOARD COAST LINE RAILROAD COMPANY**, Defendant.

Civ. A. No. 2427.

United States District Court
S. D. Georgia,
Savannah Division.

Aug. 12, 1969.

Ronald C. Crawford, Savannah, Ga., for plaintiff.

Malcolm Maclean, Savannah, Ga., for defendant.

LAWRENCE, Chief Judge.

## ORDER

Defendant's showing on its motion for summary judgment indicates a very weak case on the part of the plaintiff. Her deceased son, evidently very intoxicated, apparently lay down on a railroad track with his feet across the rails and was run over around 4:10 a. m. on a foggy morning by an engine pulling a string of freight cars, travelling about 10 miles per hour and operated by an engineer who was keeping a lookout.

The plaintiff has not countered the affidavits presenting this version and the existence of any genuine issue of fact is dubious at best. However, proximate cause cannot ordinarily be determined on summary judgment. St. John v. New Amsterdam Casualty Company, 5 Cir., 357 F.2d 327. See also 6 Moore's Federal Practice, 56.17[42]. "[I]t is a rare negligence case where no dispute as to a material fact is present." Allen v. Southern Greyhound Lines, Inc., D.C., 270 F.Supp. 872, 873. "Negligence is a seldom enclave for trial judge finality. Negligence is a composite of the experiences of the average man and is thus usually confined to jury evaluation." Keating v. Jones Development of Missouri, Inc., 5 Cir., 398 F.2d 1011, 1015.

It is settled in Georgia that where a drunk person places himself

on a railroad track he cannot recover for his injuries. Southwestern Ry. v. Hankerson, 61 Ga. 114, 115; Berry v. Northeastern Railroad, 72 Ga. 137; Parish v. W & A Ry., 102 Ga. 285, 29 S.E. 715, 40 L.R.A. 364; Fairburn & Atlanta Ry. & Electric Co. v. Latham, 26 Ga.App. 698, 107 S.E. 88; Ensley v. Pollard, 56 Ga.App. 884, 194 S.E. 426. Though there is every indication that that is exactly what the deceased did questions persist as to proper lookout and as to braking of the train on discovery of the presence of an object on the track.[1] There is also the question of the place of the injury in relation to a street crossing and perhaps other factors.[2] Negligence is better tested in the crucible of cross-examination than by affidavits.

 Further, defendant is confronted with the Georgia statute (Code § 94–1108) providing that in suits against railroads "proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury." This statutory inference of fault disappears with the first evidentiary rebuttal by defendant of alleged negligence but I am not entirely sure that such inference can be rebutted on motion for summary judgment as opposed to trial.

Much as I would like to get rid of what seems a meritless case, the high mortality rate of summary judgments in the Court of Appeals for this Circuit tells me that it is more expedient to deny than to grant summary disposition. Denial is to be preferred to being told later by wiser judges, after a considerable expenditure of time and effort, that I was wrong in granting the motion. Accordingly, I overrule the motion for summary judgment with the comment, however, that if at the trial the evidence develops along the lines of the motion I intend to direct a verdict for defendant.

A second motion for summary judgment filed by defendant asserts that plaintiff has no standing to sue because of the alleged common law marriage of her son. This motion is without merit and is overruled.

---

1. See Brewer v. James, 76 Ga.App. 447, 452, 46 S.E.2d 267; Georgia Southern & Florida Ry. Co. v. Wilson, 93 Ga.App. 94, 107f, 91 S.E.2d 71.

2. An engineer approaching a street crossing must maintain a vigilant lookout in order to avoid injury to any person on the line of the railroad within 50 feet of such crossing. Code § 94–506.