## CALLAWAY *v.* BEAUCHAMP *et al.*

1. The declaration of one in possession of a lot of land, with a deed to the whole lot, that he did not claim a particular part of it, is admissible in evidence against a privy of the declarant.

2. A deed purporting to convey a tract of land in a stated land district of a named county, as being ."that portion of lot No. 112 lying in the southwest corner, all that portion on the south side of a certain little branch running across the corner of said lot, containing 40 acres, more or less," is not defective as a conveyance of title or as color of title, if it be shown by extrinsic proof that at the date of the conveyance a stream did traverse the southwestern corner of the lot.

3. In the absence of such adminicular proof the deed was ineffective as a conveyance of title or as color of title, and the verdict is without evidence to support it.

MAY 16, 1917.

Complaint for land. Before M. C. Edwards, judge pro hac vice. Quitman superior court. October 14, 1916.

*Pottle & Hofmayer* and *Smith & Miller,* for plaintiff.

*Yeomans & Wilkinson,* for defendants.

EVANS, P. J. The action was complaint for land, brought by E. D. Callaway against John W. Beauchamp, to recover a tract of land described in the petition as being "forty (40) acres, more or less, of lot of land number one hundred and twelve, lying in the 8th district of [Quitman] county, and said forty acres lying in the southwest corner of said lot of land." The defendant answered; and Ledley Beauchamp, Bob Beauchamp, Mrs. Cora Beauchamp, and Alex. Lasius were made parties defendant. Subsequently J. W. Beauchamp amended his plea by disclaiming title. The trial resulted in a verdict for the defendants, and the plaintiff, being refused a new trial, excepted.

2

1.  The plaintiff introduced in evidence a deed from M. M. Shivers to J. H. Callaway, dated January 25, 1875, conveying the whole of lot 112 in the 8th district of Quitman county; also deeds from the heirs at law of J. H. Callaway to himself, and evidence tending to show actual adverse possession of the premises in dispute by the plaintiff and his predecessors in title from 1875 to the time when he removed to the State of Alabama in the year 1902, and when he left a tenant in possession. A witness for the defendant was allowed, over objection, to testify that M. M. Shivers, while in possession of lot 112, had declared that he did not claim the forty acres in the southwestern corner of the lot. The plaintiff is a privy in estate with M. M. Shivers, and the latter's declaration while in possession of lot 112, under a deed to the whole lot, that he did not claim a particular part of it, was admissible in evidence, under the rule that declarations of a person in possession of property, in disparagement of his own title, are admissible in evidence in favor of any one and against privies. Civil Code (1910), § 5767.

2.  The defendants claimed prescription based on a deed from R. G. Morris to Thomas M. Allen, dated September 13, 1862, purporting to convey "all that parcel of land, lying and being in the sixth district of Quitman County, originally the 8th district of Randolph County, to wit, that portion of lot No. 112 lying in the southwest corner, all that portion on the south side of a certain little branch running across the corner of said lot, containing 40 acres, more or less," and certain other mesne conveyances from Allen to the defendants, wherein the land was described as in the deed from Morris to Allen. The reception in evidence of these conveyances was objected to on the ground that the description of the land was insufficient to identify any particular land. The description of the land in a deed must be sufficiently certain to afford the means of identification of the land, in order to give effect to the deed either as a conveyance of title or as color of title. *Luttrell* v. *Whitehead,* 121 *Ga.* 699 (49 S. E. 691); *Crawford* v. *Verner,* 122 *Ga.* 814 (50 S. E. 958). A description of the land is not too indefinite if the court can, with the aid of extrinsic evidence which does not add to, enlarge, or in any way change the description, fit it to the property conveyed by the deed. *Tumlin* v. *Perry,* 108 *Ga.* 520 (34 S. E. 171); *Atlanta & West Point Railroad Co.* v.

*Atlanta, Birmingham & Atlantic Railroad Co.,* 125 *Ga.* 529 (54 S. E. 736) ; *Bunger* v. *Grimm,* 142 *Ga.* 448 (83 S. E. 200, Ann. Cas. 1916C, 173). The deed in this case conveys that portion of lot 112 lying in the southwestern corner on the south side of a certain little branch running across the corner of the lot, and would not be void for uncertainty of description if the adminicular proof showed that.a small branch ran across the southwestern corner of lot 112. *Sweat* v. *Mullis,* 145 *Ga.,*450 (89 S. E. 422). The description of the land was not too indefinite to exclude the deeds from evidence, but they would be inoperative as conveyances or as color of title unless the extrinsic proof was sufficient to locate a stream running across the southwestern corner at the date of the deeds, so as to apply the description of the land to the particular subject-matter.

3. We have carefully gone over the evidence, and it is insufficient to show that a stream traversed the southwestern corner of lot 112 when these deeds were made. The failure to identify the land by showing the existence of such stream prevents the deeds from operating as color of title, and the verdict must be set aside.

*Judgment reversed. All the Justices concur.*