32019.   CLARK, next friend, *v.* AMERICUS HARDWARE
COMPANY.

DECIDED MAY 22, 1948.   REHEARING DENIED JUNE 5, 1948.

*Fort & Fort, R. L. Maynard,* for plaintiff.

*Dykes & Dykes, Smith & Undercofler,* for defendants.

FELTON, J. The Americus Hardware Company contends that the allegations of the petition show as a matter of law that the alleged misconduct of its employee was purely personal and occurred when the employee had stepped aside from his employment, and that it was not within the scope of the employment. We can not agree with this contention. Every case stands on its own facts, and we think the case is controlled by the cases of *Frazier* v. *Southern Ry. Co.,* 200 *Ga.* 590 (37 S. E. 2d, 774), and *Schwartz* v. *Nunnally Co.,* 60 *Ga. App.* 858 (5 S. E. 2d, 91), and cases cited therein. That George Teaford was acting within the scope of his employment in refusing to sell George A. Clark Jr.,

the merchandise he was seeking to buy is indisputable. When Teaford called young Clark back from across the street to tell him that he would not sell anything to his father it would be a jury question whether he was acting within the scope of his employment. A jury would be authorized to find that it was as much the business of the company not to sell merchandise to those with whom it did not wish to deal as it was to sell to desirable customers. The fact that the alleged misconduct occurred on the sidewalk after Clark had left the store is immaterial. The result is the same as if Teaford had followed Clark out of the store onto the sidewalk. Clark returned to Teaford at Teaford's invitation on a subject relating to company business and policy regardless of the personal aspect of Teaford's personal malicious satisfaction in the delivery of the message, if there was any. The allegation that Clark had completed his mission in the store is not conclusive and does not show of itself that the misconduct was wholly disconnected from the company's business. Although he had completed the mission on which he visited the store, Teaford resumed the business in a different aspect when he invited young Clark back to the front of the store and related to him as agent for his father that he would not sell his father anything, etc. The allegations do not show as a matter of law that the assault arose out of business which Teaford was not authorized to transact or that it was so remote from the business which he was authorized to transact as to relieve the company of liability. *Schwartz* v. *Nunnally Co.,* supra. The petition set out a cause of action against the Americus Hardware Company and the court erred in sustaining the general demurrer and in dismissing the action as to it.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*