32569. GLENS FALLS INDEMNITY COMPANY
*v.* GOTTLIEB.

Decided November 25, 1949. Rehearing denied December 15, 1949.

*C. Baxter Jones Jr., Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*Lindsay, Dorsey & Hill, Edwin L. Sterne,* contra.

MacIntyre, P. J. ■ This is the second appearance of this case in this court. See *Glens Falls Indemnity Co.* v. *Gottlieb,* 76 *Ga. App.* 70 (44 S. E. 2d, 706). A recovery is sought against the indemnity company on a fidelity bond for the alleged loss sustained by the plaintiff as the result of the larceny by William Ross Bass, one of the plaintiff's employees, of a quantity of beer bottles. The plaintiff alleged that he had "purchased and paid the premiums on a fidelity bond issued by the defendant insuring the plaintiff against loss sustained by any act or acts of larceny or embezzlement by the plaintiff's employees named in said bond," which was admitted by the defendant. It was further alleged that Bass was one of the employees named in the bond. The bond was attached to the petition and made a part thereof. The testimony of a witness on the trial as to an extrajudicial admission of Bass that he had committed the larceny of the beer bottles belonging to the plaintiff, one act of larceny occurring five days prior to the admission and another one day theretofore, was admitted over the objection of the defendant that it was hearsay and related to a declaration not so nearly connected in time with the acts of larceny as to be a part of the res gestae. The court admitted the evidence, stating: "I am not admitting any admission after his discharge. The rule laid down is that a man may make a statement against his own interest and that puts the stamps of truth upon it. A man wouldn't make an admission against his own interest. . . The courts discuss two separate bases for it — when it was discovered and he was called in, that he then and there admitted and it had the elements of spontaneity and a transaction between employer and employee on those bases, or res gestae and admissions against his own interest." Counsel for the defendant thereupon stated: "You got to find some way to take it out of the hearsay rule against us. He is not being sued." The court thereupon stated: "It is the subject-matter of this suit," and the testimony objected to was admitted.

(a) Code § 38-305 provides: "Res gestae — Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of res gestae." The part of the section which admits "declarations accompanying an act" in evidence as a part of the res gestae is but a codification of the principle of the "verbal-act doctrine." That part of the section which admits declarations so nearly connected with the act as "to be free from all suspicion of device or afterthought" in evidence is but a statement of the "spontaneous-declaration doctrine" which is an exception to the rule against hearsay.

The admission of Bass that he had committed larceny of the beer bottles came five days after the larceny of one quantity of bottles and one day after the larceny of another quantity of bottles, and was not so related in time and space as to form a part of the res gestae of the larceny. *Roach* v. *W. & A. R. Co.*, 93 *Ga.* 785 (1) (21 S. E. 67); *Travelers Insurance Co.* v. *Sheppard*, 85 *Ga.* 751, 776 (12 S. E. 18); *Electric Railway Co. of Savannah* v. *Carson*, 98 *Ga.* 652 (1) (27 S. E. 156); *Weinkle* v. *Brunswick & W. R. Co.*, 107 *Ga.* 367, 370 (33 S. E. 471); *Kemp* v. *Central of Ga. R. Co.*, 122 *Ga.* 559, 560 (50 S. E. 465); *Fulton* v. *Metropolitan Casualty Ins. Co.*, 19 *Ga. App.* 127 (1) (91 S. E. 228); *Ensley* v. *Pollard*, 56 *Ga. App.* 884, 887 (194 S. E. 426).

The statements here sought to be introduced as a part of the res gestae were not in point of either time or space so closely connected to the occurrence to which they related, the thefts of the bottles, as to make the utterances the voice of human nature, speaking under the immediate and uncontrolled domination of the senses in the form of a spontaneous exclamation, and under such circumstances as to suppress the individuality of the speaker at the time he made the statements in question; and the calling of the assertions a part of the transaction cannot make it any the less hearsay testimony, no matter how inseparably interwoven they may be with the subject-matter of the suit, when they are used assertively and testimonially to prove issues not collateral to the main issue involved. *Roach* v. *W. & A. R. Co.*, supra; *Travelers Insurance Co.* v. *Sheppard*, supra; *Thornton* v. *State*, 107 *Ga.* 683, 686 (33 S. E. 673).

(b) In *Churchman* v. *Robinson*, 93 *Ga.* 731, 733 (20 S. E.

215), in discussing the admissibility in evidence of the testimony of a witness concerning an extrajudicial admission of a stranger to the suit bearing upon an issue not collateral to the main issue involved, but bearing directly upon the main issue, the Supreme Court stated: "It was error to admit [them]. [The parties making the admissions] were not parties, but mere strangers to the suit. They were competent to be called and sworn as witnesses, and their statements to [the witness testifying on the trial] were hearsay pure and simple. These statements were probably admitted under section 3786 of the Code [Code, § 38-405 (2)], which provides for receiving in evidence 'admissions made by a third person against his interest as to a fact collateral to the main issue between the litigants, but essential to the adjudication of the case.' Whatever the language quoted may mean, it is certainly not applicable to the present case because the statements of [the third persons] were not collateral to the main issue involved, but bore directly upon it." This language of the Supreme Court is particularly applicable in the present case. As to the distinction between collateral facts and facts which are the foundation of the action, see *Summerour* v. *Felker,* 102 *Ga.* 254, 257 (29 S. E. 448); *Jones* v. *State,* 70 *Ga. App.* 431, 449 (28 S. E. 2d, 373). The application of the indemnity is to the indemnitor's principal and is to the principal for the default of a third party, while that of a suretyship is to the third party for the default of the principal. The admissions of a principal as evidence in an action against his sureties, "if made during the transaction of the business for which the surety was bound, so as to become a part of the res gestae, have been held admissible; otherwise not." *Dobbs* v. *The Justices of Inferior Court,* 17 .*Ga.* 624, 630. It is well to remember that in the present case the person making the admission is not the agent of the defendant, but is the employee of the plaintiff. Here the contract is one of indemnity. The defendant under the contract is the indemnitor, the employer is the principal, and the defendant is to indemnify the employer for the default of the employee, who is the third party. The extrajudicial admissions—made five days after one alleged larceny and one day after the other alleged larceny— of a person who was not a party to the contract and is not a party to the suit are not admissible as a part of the res gestae;

nor was this extrajudicial admission admissible as "admissions by a third person against his interest, as to a fact collateral to the main issue between the litigants but essential to the adjudication of the cause," under the provisions of Code § 38-405 (2), because they were facts which were directly connected with the main issue and were not collateral facts which would bring them under the provisions of such Code section. To hold otherwise would permit the indemnitor's principal (the plaintiff) to make out a case by a third person who was accessible, without such third person being subject to an indictment for perjury if his admissions were falsely made. The action of the trial court in allowing such admissions in evidence, and also in charging the jury in respect thereto, was harmful error and requires a reversal of the judgment, inasmuch as the verdict for the plaintiff was not demanded by the other evidence.

Among the cases relied on by the plaintiff, his counsel particularly stresses that of *Goodyear Clearwater Mills* v. *Wheeler,* 77 *Ga. App.* 570 (3), 574 (49 S. E. 2d, 184). This case is distinguishable by its particular facts and peculiar circumstances from the instant case, as are all the other cases on this point relied upon by counsel for the plaintiff.

■ In view of the fact that the case is being remanded for another trial, it is unnecessary to pass upon the assignment of error on the court's reference to the alleged "dishonesty" of the plaintiff's employee rather than to the alleged larceny, as this language will doubtless not be used on another trial; or upon the assignments of error which involve a consideration of the evidence.

The court erred in overruling the motion for a new trial for the reasons stated above.

*Judgment reversed. Gardner and Townsend, JJ., concur.*