41563, 41564.  HIGDON v. GEORGIA WINN-DIXIE,
INC. et al. (two cases).

Submitted October 4, 1965—Decided October 20, 1965.

*Pierce, Ranitz & Lee, Andrew J. Ryan, III,* for plaintiffs in error.

*Bouhan, Lawrence, Williams & Levy, Walter C. Hartridge, II, Brannen, Clark & Hester, Perry Brannen, W. Ward Newton,* contra.

Deen, Judge. ■ Mrs. Higdon's petition is brought in five counts, each of which states that the owner of the supermarket allowed the other defendant to install an apparatus for the stacking, display and sale of paper cartons of soft drinks. This consists of retractable plastic-like shelves supported when ex-

tended only by cartons of beverages stacked immediately beneath them and held down, when extended, only by the weight of cartons resting on top of them. As cartons are removed the shelf forcefully springs backward in a reverse roll-up until stopped by contact with another carton or with the wall. While this plaintiff was shopping in the store, another customer lifted a paper carton of Coca-Cola from the top roll-back shelf of the stack of beverages, and as she did so a bottled Coca-Cola fell to the floor, exploded, and embedded pieces of glass in the plaintiff's ankle. Negligence is alleged against the Coca-Cola Bottling Company in:

"(a) Installing and maintaining in the heavily shopped store a malfunctioning apparatus with a retractable plastic-like shelf which would eject a bottle of carbonated beverage from a paper carton in a manner that would allow the bottle to explode and injure your petitioner who innocently stood nearby.

"(b) Failing to construct and maintain its display-dispensing apparatus in a manner that would have prevented its malfunction to the extent that would eject a bottle of its carbonated beverage which would explode and injure your petitioner.

"(c) Failing to provide and maintain a safe storage and display and dispensing device which could be operated by a customer without endangering and causing bodily harm to your petitioner who innocently stood nearby at the time.

"(d) Failing to maintain its property and sales facilities in a reasonably safe condition.

"(e) Failing to warn customers of the effect and resulting danger that would result from the forceful snap-back roll-back of the retractable plastic-like shelf upon its product being lifted from the top thereof.

"(f) Stacking in its apparatus paper-like cartons of carbonated beverages four and one-half feet high, a height greater than was reasonable and prudent.

"(g) Failing to exercise ordinary care for the safety of its customers who undertook to purchase its products which it displayed and offered for sale."

The store is charged with negligence in allowing the other defendant to install, construct and maintain the machine, in

failing to require it to maintain a safe dispensing device and to maintain its property in safe condition, in allowing it to stack cartons to a height of four and a-half feet which was greater than was reasonable and prudent, and in failing to keep the store premises safe. All counts are identical except for paragraph 17. Count 1 alleges that a bottle of carbonated beverage which was ejected from the stack was negligently lifted from a paper carton in the tier beneath as the plastic shelf snapped back upon the customer lifting a carton of beverages from the shelf. In count 2 it is alleged that the shelf rolled back with such force as to strike a carton and throw a bottle from it, the bottle being "ejected from the stack." In count 3 plaintiff says the bottle which was ejected was thrown from the carton being lifted up by the customer when that carton was struck by the roll-back shelf. Count 4 describes the apparatus as a dangerous instrumentality known to be such by the defendants because bottles had been ejected therefrom on two previous occasions. Count 5 is predicated on res ipsa loquitur.

(a) As to the first three counts, the defendants are entirely correct in their contentions that the petitions must be construed against the plaintiffs, and that if, so construed, it appears that the unknown customer who lifted the carton from the shelf was negligent and that her negligence caused one of the bottles to fall to the floor, the plaintiffs are not entitled to recover from these defendants, and that the negligence of such an intervening agency would not be attributable to those installing and maintaining the display. *Gillespie v. Andrews,* 27 Ga. App. 509, 510 (108 SE 906). "If other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote and contingent to be the basis of a recovery." *Mayor &c. of Macon v. Dykes,* 103 Ga. 847, 848 (31 SE 443). The rule is different where the cause is not supervening but concurrent, for, as stated in *Parsons, Inc. v. Youngblood,* 105 Ga. App. 583, 585 (125 SE2d 518): "The mere fact that the injury would not and could not have resulted by reason of the defendant's acts alone will not of itself be taken to limit and define the intervening agency as constituting the proximate cause. *Rollestone v. Cassirer & Co.,* 3 Ga. App. 161, 173 (59 SE 442). 'Where a defend-

ant's negligence sets in operation other causal forces which are the direct, natural, and probable consequences of that negligence, he may be held liable for injuries caused by the other forces; and where two concurrent causes naturally operate in causing an injury, there may be a recovery against both or either of the actors. . .' *Reid v. Modern Roofing &c. Works*, 89 Ga. App. 285, 286 (79 SE2d 31). The chain of causation is not broken by an intervening act which is a normal reaction to the stimulus of a situation created by negligence. *Bass v. Seaboard Air Line R. Co.*, 205 Ga. 458, 474 (53 SE2d 895)." The problem becomes relativistic, and we must determine whether a strict construction of the pleadings would as a matter of law establish the act of the customer as a supervening rather than a concurrent causal force. Paragraph 10 of the various counts merely says that as the customer lifted the carton from the shelf a bottle fell to the floor. Certainly this alone might establish an adverse inference that the customer's act was the proximate cause, not because the falling bottle is alleged to be due to her negligence but because the cause of its fall is not shown and it might have resulted from her negligence as easily as from any other cause. In paragraph 17 of each of the first counts, however, the cause of the fall is ascribed to the malfunctioning of the shelf, either by ejecting a bottle from the tier beneath as it snapped back, by ejecting it from a carton to top when the shelf hit the carton, or by ejecting it from the carton the customer was lifting when it hit that carton. Each of these descriptions of the occurrence is a statement of fact and is not contradicted by any other averment in the same count. The defendants cannot admit the truth of these statements and escape liability, which is the test that must be used as against a general demurrer. *Green v. Johnson*, 71 Ga. App. 777 (32 SE2d 443). The first three counts state a cause of action.

(b) Count 4 alleges that the malfunctioning shelf constitutes a dangerous instrumentality known to the defendants to be such because they had knowledge of two recent prior instances in which bottles had been similarly ejected from the stack, and that the defendants' negligence in installing and maintaining the apparatus caused the bottle to be ejected, to

explode, and to injure the plaintiff. Many mechanical devices, perfectly harmless in themselves, may cause injury because of defective operation, and if the defective performance habitually recurs the device may be classified in its then condition as dangerous. "Over and beyond the obligation in contracts, it is fundamental that every person owes a duty to exercise ordinary care not to supply by sale, lease, etc., a thing, instrumentality, or building which is so defectively constructed or conditioned as to be imminently dangerous to the person to whom supplied or subject to damages itself by reason of its condition." *Kuhr Bros. v. Spahos,* 89 Ga. App. 885 (2a) (81 SE2d 491). Count 4 sets out a cause of action.

(c) As stated above, except for the specific allegations of paragraph 17 of each count the petition would not tie down the injury as a proximate result of negligence of the defendants since it would not exclude negligence on the part of the customer removing the carton from the shelf. Since the statements in paragraph 17 of count 5 attempt only to bring the occurrence within the maxim of res ipsa loquitur, and since this maxim cannot be applied to pleadings (*Carter v. Callaway,* 87 Ga. App. 754 (75 SE2d 187)), count 5 fails to state a cause of action.

■ "Where one enters the premises of another for purposes connected with the business of the owner, conducted on the premises, he is an invitee, and the owner of the premises is liable in damages to him for a failure to exercise ordinary care in keeping the premises safe." *Coffer v. Bradshaw,* 46 Ga. App. 143 (6) (167 SE 119). Mrs. Higdon alleges that she entered the defendant's place of business, a supermarket grocery store and was shopping in the store at the time the injury was sustained. Under these allegations the plaintiff was an invitee and not a licensee.

■ John Higdon's case, brought for medical expenses and loss of consortium of his wife, is in a single count which alleges that the injuries were sustained "when a bottle of carbonated Coca-Cola was negligently ejected from a malfunctioning display and dispensing storage rack which defendant Coca-Cola constructed and maintained in the store and which defendant Winn-Dixie allowed to be maintained and operated in its heavily shopped

business premises." Both defendants well knew of the dangers which accompanied the use of the malfunctioning apparatus, "but they negligently failed to warn your petitioner's wife of such danger." As against general demurrer only a petition is not subject to dismissal because the specific acts of negligence are not set out. *Pullman Palace-Car Co. v. Martin*, 92 Ga. 161 (18 SE 364).

The trial court erred in sustaining the general demurrer in case No. 41564, and in sustaining the general demurrers to the first four counts of the five-count petition in case No. 41563.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*