26058. SEABOARD COAST LINE RAILROAD COMPANY v. CARTER et al.

ARGUED SEPTEMBER 16, 1970—DECIDED OCTOBER 22, 1970.

H. J. Quincey, Jay, Garden & Sherrell, Robert E. Sherrell, for appellant.

J. Laddie Boatright, for appellees.

MOBLEY, Presiding Justice. This case involves the question of title to land.

The Seaboard Coast Line Railroad Company brought its petition against Milton M. Carter and Overland Pass Rodeo, Inc., alleging that it owns a 200-foot strip of land running in a northwesterly and southeasterly direction across the east half of Land Lot 42 in the 6th Land District of Coffee County, Georgia, and that the defendants are trespassing upon described portions of this land; and prayed for an interlocutory and permanent injunction. On the trial of the case, the jury found in favor of the defendants and judgment was entered accordingly. The railroad appealed from the verdict and judgment and from the denial of its motion for new trial, as amended. Its enumeration of errors alleged six errors.

The evidence shows that the railroad obtained title to a strip of land in Land Lot 42, 6th Land District, of Coffee County, that extends 100 feet on each side of the center line of the railroad track, making a 200-foot strip of land across the lot. The strip of land and railroad track run through the east half of the lot in a generally easterly and westerly direction. Defendants acquired the east half of the lot (except rights of way of State Highway 32 and the railroad) by deed from E. E. Giles to Milton M. Carter on January 17, 1957. At the

time this action was filed and tried, Carter owned the property adjacent to the railroad right of way on the south side of the right of way, and Carter and Overland Pass Rodeo, Inc., owned the property adjacent to the railroad right of way on the north side of the right of way.

The defendants maintained a fence on the right of way of the railroad on the north side of the railroad track, and the defendant Milton M. Carter erected and maintained a fence on the right of way on the south side of the track, and both defendants were using the property as their own.

The defendants claim ownership of the disputed property by adverse possession. They have no deed or color of title to the property.

1. The issue made by the second enumeration of error is that the court erred in excluding testimony as to declarations of E. E. Giles, predecessor in title of the defendants, made while he was owner, to employees of the railroad, that while he was in possession of right of way property up to a fence, he did not claim ownership thereof, but recognized ownership in the railroad, and that the fence could be removed. Counsel for the railroad stated to the court that he was prepared to prove these statements, had they not been excluded.

"Declarations by a person in possession of property, in disparagement of his own title, shall be admissible in evidence in favor of anyone and against privies." *Code* § 38-308. See *Wade v. Johnson,* 95 Ga. 348 (1) (21 SE 569); *Murphy v. Central of Ga. R. Co.,* 135 Ga. 194 (3) (69 SE 117); *Callaway v. Beauchamp,* 147 Ga. 17 (1) (92 SE 538); *Davis v. Newton,* 217 Ga. 75, 81 (121 SE2d 153).

Accordingly, the court erred in excluding testimony of railroad employees, offered by the railroad, who would have testified that E. E. Giles, predecessor in title of the defendants, acknowledged that he was not owner of title to the fenced portion of the railroad right of way running through his land, although he had possession of it.

2. The third enumeration of error alleges that the court erred in admitting, over objection, testimony of the defendant Milton M. Carter that he had a conversation with some of

the railroad people at the clerk's office, during which they examined the deed records, and they said the railroad's property was in Land Lot 68, and since his was in Lot 42, he told them he would go ahead and put his fence up. The objection was that he did not identify the "railroad people," and that there was no evidence that they had authority to bind the railroad. He did identify one of them as "Mr. Moody," whom he knew. The railroad's evidence showed that Mr. A. S. Moody was roadmaster, division engineer, and general roadmaster of the railroad from 1929 until he retired in 1960, and as such he supervised, and was in charge of, the maintenance of the right of way.

Carter did not testify that Mr. Moody, or any named railroad man, told him the railroad's right of way was in Land Lot 68. In the absence of a showing that admissions were made by an agent of the railroad, acting within the scope of his authority during the existence and pursuance of his agency, the evidence was not admissible. See Code § 38-406; Sweeney v. Sweeney, 119 Ga. 76 (2) (46 SE 76, 100 ASR 159). The court erred in admitting this evidence.

3. The court erred in charging "that adverse possession of land under written evidence of title for seven years shall give a like title by prescription," as contended in the fourth enumeration of error, since there is no evidence that the defendants had color of title to any of this land.

4. The fifth enumeration of error alleges that the court erred in charging that "an inchoate prescriptive title may be transferred by the possessor to a successor so that the successor's possession may be tacked to make out prescription." The charge states a well established and correct principle of law. The issue made is whether the evidence authorized the charge.

There is no evidence that E. E. Giles, predecessor in title of defendant Carter, held the land in controversy adversely to the railroad. Carter acquired title to his land in 1957 and did not himself acquire prescriptive title to the land in controversy by 20 years adverse possession. Nor did he show prescriptive title by tacking on his adverse possession to that of his predecessor in title. The evidence did not authorize the charge.

5. In the sixth enumeration of error the railroad alleges that the court erred in giving the following charge: "Gentlemen of the jury, it is your responsibility and your duty to give this case careful and conscientious consideration, and if, after considering all the facts, the testimony, the evidence and the circumstances in this case, you decide that the plaintiff is entitled to recover, the form of your verdict would be, 'We, the jury, find in favor of the plaintiff railroad company.' Now, that verdict would mean that the defendants are enjoined from occupying any part of the said two hundred foot strip. On the other hand, if, after giving this case careful and conscientious consideration, you decide that the plaintiff is not entitled to recover, then the form of the verdict would be, 'We, the jury, find in favor of the defendants.' Now, if you return a verdict in favor of the defendants, of course, they would remain as they are."

The charge is subject to the criticism that the judge should have charged that there were two defendants, and that in returning their verdict the jury should consider the contentions of each, the evidence as to each, and what verdict should be rendered as to each. On retrial, the court should charge as to the contentions of each of the defendants, the evidence as to each, and that their verdict should be rendered as to each.

6. The trial court erred in denying the motion for new trial, as contended in the first enumeration of error.

*Judgment reversed. All the Justices concur.*