## 55519. GORDON v. ATHENS CONVALESCENT CENTER, INC.

SMITH, Judge.

Gordon appeals from the directed verdict entered against her on her two counts alleging negligence. We affirm.

Gordon sued the Athens Convalescent Center alleging employees of the latter had negligently allowed ice cubes to fall onto and remain upon its floor, causing Gordon to fall and break her hip. She also alleged employees of the Center were negligent in helping her onto her feet after her fall, seating her in a wheelchair, and then placing her in an ambulance for transit to a hospital, which additional negligence caused aggravation of her initial injury. Gordon was eighty years old at the time of the accident and was employed as a nurse by a patient of the Center.

On trial Gordon testified that she had seen no ice cubes on the floor where she fell, that she did not recall having slipped on anything, that she had felt no dampness on the floor where she fell, that she knew of no defect in the floor, and that she did not know why she had fallen. Another employee of the Center testified that she looked at the floor after Gordon fell and saw nothing thereon. A third employee testified, "At the time she fell there I felt on the floor, and there wasn't anything on the floor." There was evidence that, about an hour before the fall, the Center's employees had delivered ice to patients. The evidence also showed that the aid given Gordon after her fall was rendered in good faith and without charge.

1. It did not appear that the Center's employees had negligently allowed any foreign substance to fall and remain upon the floor where Gordon fell. In fact, the testimony conclusively showed that there was *nothing* on the floor where she fell. Gordon did introduce, over the Center's objection, a written statement taken from the Center's files, which statement was to the effect that the floor was damp near where Gordon had fallen. However, that statement was inadmissible hearsay of no probative value, and the trial court erroneously admitted it. Gordon had offered the statement into evidence, on different

occasions, claiming it was admissible both as a business record (Code § 38-711) and as an admission by an agent of the Center (Code § 38-406). But, Gordon did not show that the statement was made in the regular course of business, and therefore it was not admissible under Code § 38-711. Neither did she show that an agent, or employee, of the Center had written it while "acting within the scope of his authority during the existence and pursuance of his agency. . ." *Seaboard C. L. R. Co. v. Carter,* 226 Ga. 825, 827 (177 SE2d 683) (1970). Therefore, it was not admissible under Code § 38-406. Gordon having introduced no probative evidence indicating the Center had negligently allowed the condition of the floor to become dangerous, the trial court was correct to direct a verdict against her on her claim that the Center's negligence caused her fall. CPA § 50 (a) (Code Ann. § 81A-150 (a)); *Brown v. J. C. Penney Co.,* 123 Ga. App. 233 (180 SE2d 364) (1971); *Dickey v. J. C. Penney Co.,* 124 Ga. App. 852 (186 SE2d 356) (1971).

2. The trial court properly directed a verdict against Gordon on her claim that the Center, through its employees, had negligently aggravated her hip injury. The evidence here showed that the Center came within the protective ambit of the "Good Samaritan Statute" (Ga. L. 1961, p. 534) and was thus insulated from liability for any harm caused by its rendering help to Gordon after her fall.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED MARCH 2, 1978 — DECIDED JUNE 6, 1978.

*Carl C. Aven, III,* for appellant.
*Hudson & Montgomery, James E. Hudson,* for appellee.