## 56347. NORDMANN v. INTERNATIONAL FOLLIES, INC. et al.

BANKE, Judge.

The plaintiff sued to recover for injuries which he received while patronizing a nightclub operated by defendant International Follies, Inc. He was severely beaten by the club's manager, defendant Charles Evans, following an altercation between the two. Evans pled self-defense and received a special verdict in his favor on this issue. International Follies, Inc., prevailed on motion for directed verdict. In this appeal from the denial of his motion for new trial, the plaintiff raises 18 enumerations of error.

Prior to the incident, the plaintiff and two companions had spent several hours at the club drinking and watching the topless entertainment. During the course of these proceedings, bad feelings arose between the plaintiff's group and one or more of the club's topless dancers. According to the plaintiff's evidence, Evans confronted him as he was preparing to leave, called him and his companions "punks," and slapped him across the face. The plaintiff responded by tackling Evans, whereupon Evans pulled a pistol and repeatedly struck him in the head with it, rendering him unconscious. One of the plaintiff's companions stopped the beating by grabbing Evans' hand. Although the pistol discharged at this time, no one was hit.

The trial judge directed a verdict for the club on the ground that no evidence had been introduced to show that the club had been negligent in hiring or retaining Evans as manager. With regard to Evans' liability, the court elicited a special verdict from the jury by submitting to them the following written question: "Did Charles Raymond Evans use upon Patrick J. Nordmann a degree of force greater than that which a reasonable person would, under the same circumstances, reasonably believe to be necessary to prevent bodily injury to himself?" The jury answered in the negative, whereupon the trial court entered judgment for the defendant. *Held:*

1. Four of the enumerations of error attack the written question on which the special verdict was based.

The plaintiff contends that the wording of the question favored the defendant and discounted the plaintiff's position that Evans had been the aggressor. We agree. From the plaintiff's evidence as outlined above, the jurors were clearly entitled to infer that Evans had provoked the fight. "The doctrine of self-defense may not be successfully invoked, where defendant's own acts brought on the difficulty with plaintiff, as where defendant was the aggressor or was himself not free from fault. Before his right to self-defense will revive, one, who is at fault in bringing on the difficulty or in voluntarily entering into it, must retreat in good faith, intending to abandon it." 6A CJS 342, 344, Assault and Battery, § 19. See also 6 AmJur2d 138, Assault and Battery, § 165. Accord, Code Ann. § 26-902 (b). This principle of law was contained neither in the question submitted to the jury nor elsewhere in the court's charge. Had it been, the jury might never have reached the question of whether Evans' use of force on the plaintiff was a defensive act. Since the plaintiff properly brought the omission of this issue to the attention of the court, we hold that the failure to submit it to the jury constitutes reversible error. See generally Code Ann. § 81A-149.

2. "A master is liable for the willful torts of his servant, committed in the course of the servant's employment, just as though the master had himself committed them. This rule applies as well where the master is a corporation as where he is a private individual." *Central of Ga. R. Co. v. Brown,* 113 Ga. 414 (1) (38 SE 989) (1901), as cited in *Ga. Power Co. v. Shipp,* 195 Ga. 446, 450 (24 SE2d 764) (1943). The president of International Follies, Inc., testified that Evans' duties included looking after the welfare and safety of the customers and maintaining peace in the establishment. Under these circumstances, the jury was fully authorized to find that Evans was acting within the scope of his employment when he entered into the fight with the plaintiff and thus to hold the corporation responsible for any tort which Evans may have committed. It was not necessary for the plaintiff to show negligence on the part of International Follies, Inc., in hiring or retaining Evans in order to establish such liability. See *Schwartz v.*

*Nunnally Co.,* 60 Ga. App. 858 (5 SE2d 91) (1939); *Clark v. Americus Hdwe. Co.,* 77 Ga. App. 282 (47 SE2d 909) (1948); *Triple "C" Recreation Assn. v. Cash,* 124 Ga. App. 754 (3) (186 SE2d 145) (1971). Accordingly, it was error to direct a verdict for the corporation.

3. It was not error to refuse three requests to charge offered by the plaintiff dealing with the duty owed to invitees by the occupier of business premises. There was no evidence of any negligence on the part of International Follies, Inc.; nor, as we have stated in Division 2, supra, was there any need to produce such evidence in order to impose vicarious liability on the club for the tortious misconduct of its manager.

4. The plaintiff contends that the trial court erred in restricting his cross examination of a defense witness. The witness, a dancer employed by the club, had testified that she was also a student. When plaintiff's counsel attempted to ask her how many hours per week she worked for the club, the trial court prevented him from doing so, stating that he did not find it material to any issue in the case. The plaintiff contends on appeal that the inquiry was relevant as an attempt to impeach the witness' testimony that she was a student as well as a dancer. However, no such reason for the question was offered at trial in response to the court's statement. For this reason we do not find any abuse of discretion in excluding the question as irrelevant.

5. The plaintiff was prevented from introducing evidence that after the fight another employee of the club told one of the plaintiff's companions, "This sort of thing has happened all the time, often, in here, but not this bad." This evidence was properly excluded as hearsay. The statements were not admissible as part of the res gestae because they did not concern the event itself but rather happenings which had transpired before the night in question. See *Standard Oil Co. v. Reagan,* 15 Ga. App. 571 (2), 581 (84 SE 69) (1914), citing *Carter v. Buchannon,* 3 Ga. 513 (1847). Nor was the statement admissible as an admission against interest by the corporation. No evidence was offered to show that this witness was authorized to speak on behalf of the corporation when she made this alleged statement, nor does it appear that she

was transacting corporate business. See *Lott v. Banks,* 21 Ga. App. 246 (3) (94 SE 322) (1917); *Black v. New Holland Baptist Church,* 122 Ga. App. 606 (1a) (178 SE2d 571) (1970).

6. Any error in excluding a photo showing the plaintiff after he had been injured was harmless where other photos were admitted showing the same condition.

7. The plaintiff asserts that the trial court erred in preventing him from cross examining the club's president about the club's use of off-duty police officers to maintain order. We agree that the question was irrelevant to any issue in the case. If, as the plaintiff contends, he was attempting to establish that there had been past episodes of violence at the club, he was free to cross examine the witness about that. "Although evidence of collateral matters may throw some remote light on the main issues of the cases, it is nevertheless necessary that the trial judges be vested with some latitude as to the admissibility of this type of evidence. Otherwise the whole course and progress of the trial could become converted to the determination of collateral issues rather than the main one." *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871 (2) (52 SE2d 485) (1949), as cited in *Childers v. State,* 130 Ga. App. 555, 562 (203 SE2d 874) (1974).

8. We have carefully reviewed the remaining enumerations of error and have determined that they are either patently without merit or concern matters which are not likely to reoccur on retrial of the case.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 23, 1978 — REHEARING DENIED NOVEMBER 14, 1978.

*Lawson & Davis, G. Thomas Davis,* for appellant.
*Brookins & Turoff, Ernest Brookins, Neely, Neely & Player, Edgar A. Neely, Jr., Richard K. Hines,* for appellees.