### 69497. ALLEN v. THE STATE.
(329 SE2d 586)

BENHAM, Judge.

Thomas Andrew Allen was tried along with his wife for cruelty to his stepchild in violation of OCGA § 16-5-70. His wife was acquitted, and appellant was convicted and sentenced to a prison term of 20 years. Taking exception to his conviction, he appeals. *Held*:

Appellant was living with the child's mother in a rural area of Troup County, Georgia. On the evening of December 9, 1983, appellant took the child, who was two years and 10 months old, to the local hospital for treatment, stating that she had fallen down the steps the day before and that shortly before he brought her to the hospital, she had slipped on the floor in the bathroom and had been knocked unconscious. The child was examined by two doctors in the emergency room and later admitted for treatment. Suspecting abuse, the doctors summoned the police, and appellant was arrested and charged with cruelty to children. At trial the doctors testified that the child had multiple old and new bruises to her head, neck, shoulder, hands, buttocks, face, and chest. The doctors opined that most of the injuries could not have been accidentally caused, and that they were caused by blows from a blunt instrument. One doctor testified that the hand injuries were caused by cigarette burns. There was no medical testi-

mony as to sexual abuse.

1. Appellant's main enumerations of error concern the trial court's failure to grant his motion in limine and the subsequent allowance of hearsay testimony. We agree and reverse.

The testimony which is challenged and which we find impermissible is that of nurse/foster-mother Nancy Brand, who testified over objection that on December 12, 1983, some three days after the incident, the child was brought to her from the hospital for foster care. During the child's stay, Ms. Brand questioned her as to the origin of several of the bruises. Ms. Brand testified that between December 12 and 15, the child told her that (1) the bruises on her right buttocks resulted from appellant's biting her; (2) the bruises on her left hand and shoulder came from appellant's scratching her; (3) the bruises on her right shoulder came from appellant's biting her; (4) the bruise on her chin came from appellant's hitting her; and (5) the bruises on her back came from appellant's shaking her. She testified that the child told her appellant placed her on the bed and inserted his finger into her vagina. In addition, she stated that the child would wake up in the middle of the night screaming, "Please don't let Tommy [appellant] get me."

The trial court allowed the admission of this testimony under the res gestae exception to the hearsay rule, and under *Williams v. State,* 144 Ga. App. 130 (240 SE2d 890) (1977). We disagree.

OCGA § 24-3-3 provides: "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought shall be admissible in evidence as part of the res gestae." Each case concerning the application of the res gestae exception to the hearsay rule must turn on its own circumstances, and the admissibility of such testimony is left to the sound discretion of the trial judge. *Wallace v. State,* 151 Ga. App. 171 (259 SE2d 172) (1979). " 'The real test is: were the declarations a part of the occurrence to which they relate, or were they a mere narrative concerning something which had fully taken place and had therefore become a thing of the past?' [Cits.]" Id. p. 172.

It is conceivable that the statement by the child in the middle of the night, "Please don't let Tommy get me," even though removed in time, would be admissible under the res gestae exception. However, the remainder of the testimony of Nancy Brand as to what the child told her would be inadmissible. Where, as here, the statements are made several days after the incident and the child has had several opportunities to report the incidents outside the presence of her parents; the reports are made over a period of several days in response to specific questions; there has been no medically acceptable testimony that the child was laboring under some disability; and the statements were narrative in form rather than spontaneously given, such state-

ments lack contemporaneity and spontaneity to such a degree as to be extremely suspect and are therefore in violation of the res gestae exception to the hearsay rule. Compare *C. A. J. v. State of Ga.*, 127 Ga. App. 813 (195 SE2d 225) (1973). We realize that this court has allowed such testimony in isolated incidents in the past, but in those instances the child also testified; whereas here the 34-month-old child did not testify. *Williams v. State*, supra.

While we realize the difficulty in prosecuting cases of this nature, we are bound by the rules of evidence, especially the prohibition against hearsay unless the testimony falls within a recognized exception. To do otherwise would be an evisceration of a well-tested rule of evidence and an act of disobedience to well-settled authority. The trial court must be particularly cognizant of the rights of the accused to a fair trial, especially in instances where the crime charged usually evokes strong feelings of resentment. While the description of the injuries is abhorrent and such conduct is beyond the realm of acceptability, the abhorrence alone must not cause the trial court to shrink from its responsibility to fairly apply the rules of evidence.

2. Since the case will be retried, we feel it necessary to give direction to the trial court as to the remaining enumerations of error.

Although appellant challenges the admissibility of the testimony of Dr. Ann W. Fleming, who related the child's responses to medical questions for purposes of diagnosis and treatment, and the responses were given within a matter of minutes after the child was taken to the hospital, we find this testimony admissible under the res gestae exception (OCGA § 24-3-3) and the medical diagnosis exception (OCGA § 24-3-4). This enumeration of error is without merit.

3. Appellant assigns error to the trial court's failure to charge on reasonable discipline as he requested. The statute under which appellant was convicted (OCGA § 16-5-70 (b)) and under which the trial court charged the jury reads, in part, as follows: "Any person commits the offense of cruelty to children when he maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." The statute requires a showing of malice or "cruel or excessive physical or mental pain." Implicit in this definition is an element of unreasonableness, and in viewing the charge as a whole, it was not error to fail to charge specifically on reasonable discipline. This enumeration of error is groundless.

For the reasons enumerated in Division 1 of this opinion, we reverse.

*Judgment reversed. Pope, J., concurs. Banke, C. J., concurs in the judgment only.*

DECIDED MARCH 13, 1985 —
REHEARING DENIED MARCH 27, 1985 — 

*Franklin H. Thornton*, for appellant.
*Arthur E. Mallory III, District Attorney*, for appellee.