74722. BLESSING v. DOCTORS MEMORIAL HOSPITAL, INC. et al.
(362 SE2d 394)

BANKE, Presiding Judge.

The appellant filed a medical malpractice suit against the appellees herein, a hospital and two physicians, to recover for injuries he allegedly sustained during surgery as the result of the use of faulty equipment and the improper positioning of his legs by operating room personnel. He additionally sought to recover for an invasion of his privacy which he allegedly suffered when unauthorized "visitors" were allowed to enter the operating room and view his genitalia during the surgery. This appeal is from an order granting summary judgment to the hospital on both the malpractice and the invasion of privacy claim and granting partial summary judgment to one of the two physicians, Dr. Morganstern, on the invasion of privacy claim.

The specific allegations making up the invasion of privacy claim are that the two physicians, while performing urological surgery on the appellant, allowed several visitors who had no connection with the operation to enter the operating room "for observation of the [appellant] on the operating table," in violation of an express agreement by the physicians and the hospital that no such visitors would be allowed in the operating room during the surgery. In support of their motion for summary judgment, the appellees submitted Dr. Morganstern's affidavit averring that only such medical personnel as were necessary to the performance of the surgery were present in the operating room and further averring that the equipment provided by the hospital was in good working condition and that the manner in which the appellant's legs were positioned during the surgery was necessitated by his

obesity and not, as alleged by the appellant, by the need to accommodate faulty surgical equipment. *Held*:

1. The appellant initially challenges the sufficiency of Dr. Morganstern's affidavit on the basis that it is conclusory, is not based on personal knowledge, and is contradictory to his (Dr. Morganstern's) subsequent deposition testimony. Suffice it to say that, based on our review of the affidavit and of Dr. Morganstern's deposition testimony, we find these contentions to be without merit.

2. The trial court properly granted summary judgment to Dr. Morganstern and the hospital on the breach of the privacy claim. This claim was, of course, based not upon allegations of professional malpractice but upon the breach of an alleged contractual obligation on the part of the appellees not to allow "visitors" into the operating room during surgery. In his affidavit, the appellant, who was only under a local anesthetic during the surgery, averred merely that he had observed several female visitors in the operating room "wearing clothing which led me to believe they were not medical personnel." Dr. Morganstern, on the other hand asserted unequivocally, both in his affidavit and in his deposition testimony, that only such personnel as were necessary to the operation were present during the procedure. Strictly speaking, there is nothing in the appellant's affidavit which conflicts with this assertion.

OCGA § 9-11-56 (e) provides that "[w]hen a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." As the appellant's affidavit sets forth no specific facts tending to negate Dr. Morganstern's unequivocal testimony that no unnecessary personnel were present in the operating room during the surgery, it follows that no issue of fact remained to be tried with respect to the invasion of privacy claim.

3. We turn next to the liability of the hospital for the alleged medical malpractice committed in the operating room. Pretermitting whether the trial court relied, properly or improperly, on the "locality rule" in assessing the hospital's duty to provide properly functioning surgical equipment, we hold that the evidence of record establishes conclusively that the equipment in question was not faulty. Dr. Morganstern, the physician who utilized the equipment, affirmatively stated in his affidavit that it was in good working condition, and the only evidence offered to the contrary consisted of the appellant's own testimony regarding statements purportedly made by certain unidentified operating room personnel during the course of the surgery. Absent any identification of the persons who purportedly made these

statements and of their relationship to the hospital, such testimony is clearly insufficient to controvert Dr. Morganstern's affirmative testimony with respect to this issue.

4. The evidence further established without dispute, that the positioning of the appellant's legs was done under the direction of the surgeon. Consequently, any negligent injury resulting therefrom must be imputed to the surgeon rather than to the hospital. "[W]hen a hospital yields control of its employees to a surgeon in the operating room and the surgeon exercises immediate personal supervision over those employees, 'then he becomes their master and their negligence during the course of the master-servant relationship will be imputed to him.' [Cits.]" *McClure v. Clayton County Hosp. Auth.*, 176 Ga. App. 414, 418 (336 SE2d 268) (1985). It follows that the trial court did not err in granting summary judgment to the hospital with respect to the medical malpractice claim.

*Judgment affirmed. Benham, J., concurs. Carley, J., concurs in Divisions 1, 2, and 4 and in judgment.*

DECIDED OCTOBER 5, 1987 —
REHEARING DENIED NOVEMBER 4, 1987 — 

*Thomas F. McNally, Jr.*, for appellant.
*Lawrie E. Demorest, John A. Gilleland, Jennie E. Rogers*, for appellees.