## 76801. JOHNSTON v. GRAND UNION COMPANY.
(375 SE2d 249)

BIRDSONG, Chief Judge.

The appellant Katherine Johnston sued Grand Union Co., d/b/a Big Star, for personal injuries received when the store's automatic doors, which operated by electronic beam, unexpectedly closed upon her as she was entering the store. The trial court granted summary judgment to the defendant, and Johnston appeals.

The essentially undisputed facts are that on two occasions, three weeks before and nearly four months before this incident, Grand Union had had these doors inspected and repaired; but these repairs were not for the defect described by the plaintiff, i.e., that the doors closed unexpectedly, but rather the doors had malfunctioned in a near-opposite manner, i.e., they failed to close entirely. There are no identified witnesses to this incident. The plaintiff testified that after her injury, a female store employee who had red hair and was neither a large person nor a small person, but a medium person, remarked to plaintiff that "there was something wrong with the door, and she had made the statement that if the door wasn't fixed, someone was going to get hurt. . . She didn't say [to whom she had made that statement]." Immediately after the incident, the store manager tested the functioning of the doors by stepping through the electronic beam, hesitating, and then stepping out, and the doors functioned properly. *Held*:

1. The trial court did not err in granting summary judgment to the defendant in this case. No evidence has been pointed out to us that Grand Union had actual or constructive superior knowledge of a defect in the doors. The solitary fact that they closed unexpectedly on the plaintiff on one occasion, for no reason that has been ascertained, does not constitute any evidence from which it can be inferred the store knew or should have known the doors might close unexpectedly. There is no evidence the doors had ever previously malfunctioned in this manner or in a proven related manner. The store had recently had the doors inspected, and had had other defects repaired. There is no evidence the store was negligent by any failure to inspect the doors or keep them in repair. There is, in short, no evidence at all from

which to conclude the store had superior knowledge of a defect or dangerous condition.

The imputed statement of the red-haired, medium-sized but otherwise unidentified store employee that "[t]here was something wrong with the door, and she had made the statement that if the door wasn't fixed, someone was going to get hurt," is hearsay. Clearly an admission against interest by an employee-agent is admissible (§§ 24-3-33; 24-3-34), but only so long as it is not hearsay. The statement is inadmissible, because its utterer cannot be identified, located, summoned and cross-examined. It is hearsay of the worst sort, for it seeks to prove the essential fact of superior knowledge by allowing the witness, the plaintiff, to say what an unknown person said she said to another. See OCGA § 24-3-1. Testimony of this sort is only rumor, *asserted to prove the truth of what this unknown person said.* See *Plemons v. State*, 155 Ga. App. 447 (270 SE2d 836). The nature of the evidence shows its weakness; the alleged person who made the alleged remark is not before the court and cannot be questioned. *Mills v. Bing*, 181 Ga. App. 475 (352 SE2d 798). Its defectiveness is not cured by the fact that it is allegedly an "admission" by an "agent." The two underlying reasons for any exception to the hearsay rule are a necessity for the exception, " ' "*and a circumstantial guaranty of the trustworthiness of the offered evidence.*" [Cit.]' " *Gentile v. Miller, Stevenson & Steinichen*, 182 Ga. App. 690, 692 (356 SE2d 666). These elements are completely lacking in this evidence. Some cases which have held that such evidence offered of the sayings of an employee are inadmissible, have done so on grounds that it was not shown the utterer was in fact an agent (*Seaboard Coast Line R. Co. v. Carter*, 226 Ga. 825, 827 (2) (177 SE2d 683); *Gordon v. Athens Convalescent Center*, 146 Ga. App. 134, 135 (245 SE2d 484)) and wherever this is the case, as here, there is certainly no authority for its entry into evidence as an admission against interest by an employee under §§ 24-3-33 and 24-3-34.

Certainly the sayings of the unknown red-haired person were not part of the res gestae, since the alleged utterer is unknown, it cannot be shown that they qualify as being "free from all suspicion of device or afterthought. . . ." (OCGA § 24-3-3); and the trial court was right to so conclude. In *Allen v. State*, 174 Ga. App. 206, 207 (329 SE2d 586), this court had the following to say: "Each case concerning the application of the res gestae exception to the hearsay rule must turn on its own circumstances, and the admissibility of such testimony is left to the sound discretion of the trial judge." The trial judge in this case did not abuse its discretion.

It might be that if it were shown positively that the red-haired, medium-sized woman was an employee of defendant and was identified, so that she could be cross-examined at trial, the plaintiff's pres-

entation of this evidence might enable her to survive summary judgment. But we have held that the putting forward of some unidentified, unspecific person as an "employee," who allegedly made certain remarks that would bind or incriminate the employer, and as to whom there is no showing the person can be brought forth at trial or even located, or in fact exists, is not enough to raise a genuine issue of material fact controverting the defendant's positive testimony that there was no defect of which it had actual or constructive superior knowledge. *Blessing v. Doctors Mem. Hosp.*, 184 Ga. App. 737, 738-739 (362 SE2d 394); see *Collins v. S. H. Kress & Co.*, 114 Ga. App. 159 (150 SE2d 373). The reason for this is obvious: evidence imputing superior knowledge only at the suggestion of a statement allegedly made by a mystery person is completely unreliable. It is the very essence of hearsay.

2. Appellant contends these defective doors constituted a dangerous instrumentality and therefore defendant's superior knowledge is not required for imposition of liability. Asserting that this is not a mere "slip and fall" case, or premises liability case, appellant cites *Higdon v. Ga. Winn-Dixie*, 112 Ga. App. 500 (145 SE2d 808) to prove it involves a dangerous instrumentality. But, at bottom, the plaintiff has not even shown the door was defective, and certainly not that the same alleged defect which injured this plaintiff, had "habitually recurred." The defendant having shown there was no defect, the plaintiff has not raised an issue of fact by setting forth a specific fact showing that the doors were an instrumentality "so defectively constructed as to be imminently dangerous."

The order of the trial court finding no basis for liability on the part of the defendant, that is, finding no negligence and no superior knowledge of a defect, is correct.

*Judgment affirmed. Deen, P. J., and Pope, J., concur. Beasley, J., concurs specially. Sognier, J., concurs in judgment only. McMurray, P. J., Banke, P. J., Carley, and Benham, JJ., dissent.*

BEASLEY, Judge, concurring specially.

I agree with Division 1 of the dissent but not with Division 2. Thus I agree with the result of the ruling in Division 1 of the majority opinion. I concur in Division 2.

BANKE, Presiding Judge, concurring in part and dissenting in part.

1. I cannot agree with the majority's statement that "an admission against interest by an employee-agent is admissible . . . only so long as it is not hearsay." Pursuant to OCGA § 24-3-33, an out-of-court declaration made by an agent "during the existence and in the pursuance of his agency," is admissible against the principal as an

*exception* to the rule against hearsay. In the case before us, the red-haired woman's purported declaration that "there was something wrong with the door" failed to qualify as an admission by an agent against the principal's interest within the contemplation of OCGA § 24-3-33 not because it was hearsay but because, even assuming that the woman was a store employee, she was not shown to have made the statement "while 'acting within the scope of [her] authority during the existence and pursuance of [her] agency. . . .' (Cit.)" *Gordon v. Athens Convalescent Center*, 146 Ga. App. 134, 135 (245 SE2d 484) (1978). Accord *Swift & Co. v. Lawson*, 95 Ga. App. 35, 53 (97 SE2d 168) (1957); *Royal Oil Co. v. Hooks*, 111 Ga. App. 779 (2) (143 SE2d 441) (1965).

The statement also failed to qualify for admission under the res gestae exception to the hearsay rule. As pointed out by the majority, to be admissible under the res gestae exception it is not enough that the statement have been made contemporaneously with the occurrence to which it relates, it must also have been made under circumstances indicating that it was "free of all suggestion of device or afterthought." OCGA § 24-3-3. See *Augusta &c. R. Co. v. Randall*, 79 Ga. 304, 311-12 (4 SE 674) (1887). Generally speaking, this means that the statement must be a "spontaneous" or "excited" utterance arising from the incident. See *Glens Falls Indem. Co. v. Gottlieb*, 80 Ga. App. 634, 636 (56 SE2d 799) (1949). The remark in question did not purport to be a spontaneous or excited utterance stemming from the accident itself but rather an expression of knowledge acquired in the past concerning the condition of the doors. Thus, it was properly excluded. Accord *Nordmann v. Intl. Follies*, 148 Ga. App. 77, 79 (5) (250 SE2d 794) (1978).

2. Nevertheless, I cannot agree the appellee was entitled to summary judgment. The appellant was not required to come forward with evidence supporting the allegations of her complaint until the appellee, as movant, produced evidence which rebutted those allegations or otherwise controverted the appellant's claim. See generally *Henderson v. Atlanta Transit System*, 133 Ga. App. 354, 356 (210 SE2d 845) (1974). In a premises liability case such as this one, the defendant may establish its entitlement to summary judgment through uncontroverted evidence showing that it had no actual knowledge of the alleged defective or dangerous condition which gave rise to the plaintiff's injury and that its lack of such knowledge was reasonable under the circumstances. Accord *Kenny v. M & M Supermarket*, 183 Ga. App. 225 (358 SE2d 641) (1987); *Mazur v. Food Giant*, 183 Ga. App. 453 (359 SE2d 178) (1987). While this case is concededly a very close one, I do not believe the record currently before us contains such evidence.

In support of its motion for summary judgment, the appellee re-

lied upon the affidavit of its store manager to the effect that, prior to the incident in question, *he* was without actual knowledge of any previous incident in which the electronic sliding doors had closed unexpectedly upon someone entering or leaving the store. Assuming that the doors had been in regular use for some period of time prior to the incident, I am willing to accept the proposition that their continuous operation, free from any malfunctions posing a danger to persons using them, would have obviated the need for further inspection or testing in this regard. However, the manager's affidavit does not, strictly speaking, indicate that no such malfunctions had previously occurred or that none had been reported but merely that he himself had no actual knowledge of any such incidents. This may mean simply that he himself had not seen any. Construing his testimony most strongly in favor of the appellant and against the appellee as the moving party, I am thus led somewhat reluctantly to the conclusion that the appellee failed to establish its entitlement to summary judgment in this case. See generally *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551 (181 SE2d 866) (1971). Cf. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 29 (343 SE2d 680) (1986).

I am authorized to state that Presiding Judge McMurray and Judge Benham join in this opinion.

CARLEY, Judge, dissenting.

I agree with Division 2 of the dissent and its conclusion that the trial court erred in granting summary judgment in this case. I also agree with that portion of Division 1 of the dissent which points out that the majority incorrectly limits the admissibility of an admission against interest to statements which are not hearsay. As the dissent makes clear, such statements are admissible as an *exception* to the hearsay rule.

However, I do not agree with the dissent's unqualified conclusion that the statement here involved "failed to qualify for admission under the res gestae exception to the hearsay rule." In this case, I agree that the statement was inadmissible because the trial court determined it not to be within the res gestae, and that ruling "will not be disturbed on appeal unless that determination is clearly erroneous." *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71) (1982). Compare *Stouffer Corp. v. Henkel*, 170 Ga. App. 383, 385 (317 SE2d 222) (1984) where the trial court found the statement there involved to be admissible under the res gestae exception, and this Court could not say that the trial court's ruling was clearly erroneous.

Decided October 18, 1988 —
Rehearing denied November 15, 1988 — 

Robert A. Falanga, Jesse E. Barrow III, for appellant.
Hart & Sullivan, Terrance C. Sullivan, Alexander H. Booth, Brynda S. Rodriguez, for appellee.